IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-60910

COPYCAT LEGAL PLLC and DANIEL
DESOUZA,

      Plaintiffs,

v.

CHARLES A. PERALO,

      Defendant.

_____

## COMPLAINT

Plaintiffs CopyCat Legal PLLC ("CopyCat Legal") and Daniel DeSouza ("DeSouza") (collectively, the "Plaintiffs") sue defendant Charles A. Peralo ("Defendant"), and allege as follows:

## THE PARTIES

1.      CopyCat Legal is a professional limited liability company organized and existing under the laws of the State of Florida with its principal place of business located in Coral Springs, FL. CopyCat Legal's sole member is an individual who is a citizen and resident of the State of Florida.

2.      DeSouza is an individual who is a citizen and resident of the State of Florida.

3.      Defendant is an individual who is a citizen of the State of New York residing at 21 Scarborough Circle, Rock Hill, NY 12775.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because

the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5.      This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because he committed a tortious act within this state, and the exercise of personal jurisdiction over him would not offend traditional notices of fair play and substantial justice.  See, e.g., Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1216 (Fla. 2010) ("A nonresident defendant commits the tortious act of defamation in Florida for purposes of Florida's long-arm statute when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and accessed in Florida.").

6.      Venue properly lies in this district because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTS

### I.      Plaintiffs' Business

6.      CopyCat Legal is a law firm that primarily represents clients in intellectual property and business litigation matters throughout the United States.

7.      CopyCat Legal represents over 200 clients in both transactional and litigation matters throughout the country.

8.      Its attorneys have appeared in and litigated over 800 federal court lawsuits in Florida, New York, California, Texas, and a multitude of other states around the United States.

9.      In addition to trial courts, CopyCat Legal's attorneys have appeared in and argued multiple appellate proceedings, including at least two (2) cases in which CopyCat Legal's clients successfully opposed petitions for writ of certiorari at the United States Supreme Court.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

10.     From its inception in 2019 through the present date, CopyCat Legal has built a stellar reputation amongst professional creatives (who comprise the bulk of CopyCat Legal's clients) and the legal community.  CopyCat Legal regularly writes on intellectual property topics, hosts webinars for clients/prospective clients, and participates in speaking engagements on intellectual property subjects around the country.

11.     DeSouza is a founder and the managing attorney/partner of CopyCat Legal.

12.     DeSouza is a 2004 graduate of the George Washington University Law School and is admitted to the Florida Bar, the New York Bar, the D.C. Bar, the New Jersey Bar, and the Pennsylvania Bar.  He is likewise admitted to several federal courts throughout the country, including: the United States Supreme Court; the United States Court of Appeals for the Eleventh Circuit; the United States Court of Appeals for the Eighth Circuit; the United States Court of Appeals for the Tenth Circuit; the United States Court of Appeals for the Second Circuit; the United States District Court for the Southern District of Florida; the United States District Court for the Middle District of Florida; the United States District Court for the Northern District of Florida; the United States District Court for the Southern District of Texas; the United States District Court for the Eastern District of Texas; the United States District Court for the Southern District of New York; the United States District Court for the Eastern District of New York; the United States District Court for the Northern District of New York; the United States District Court for the Western District of New York; the United States District Court for the Western District of Arkansas; the United States District Court for the District of Nebraska; the United States District Court for the District of New Mexico; the United States District Court for the District of Colorado; the United States District Court for the Eastern District of Michigan; the United States District Court for the Western District of Michigan; the United States District Court for the Northern

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

District of Illinois; the United States District Court for the District of Maryland; the United States District Court for the Western District of Texas; the United States District Court for the Eastern District of Missouri; the United States District Court for the District of Columbia; the United States District Court for the Eastern District of Oklahoma; the United States District Court for the District of New Jersey; the United States District Court for the Eastern District of Pennsylvania; the United States District Court for the Western District of Pennsylvania; the United States District Court for the Middle District of Pennsylvania; and the United States District Court for the Northern District of Indiana.

13. He previously worked at Milbank, Tweed, Hadley & McCloy LLP (from 2004 – 2010) and Becker & Poliakoff, PA (from 2010 – 2014) before forming DeSouza Law, P.A. in 2014 and CopyCat Legal in 2019.

14. Since 2004, DeSouza's practice has principally focused on business/complex commercial and intellectual property litigation. He has appeared in a multitude of state and federal lawsuits across the country, has served as lead counsel in multiple jury/non-jury trials, and is a well-respected practitioner amongst his peers, clients, and opponents.

## II.   Defendant's Business

15. Defendant is a digital content creator who primarily focuses on producing videos in short form for his YouTube, TikTok, SnapChat, and Instagram viewers. Defendant promotes on his social media to have "over 2 million followers across social media, 2.5 billion views and the over 4 billion impressions in polls/quizzes." Defendant also promotes to have "been consistently one of the biggest YouTube shorts creators" and "one of the highest earning Snapchat creators of all time."

16. Defendant advertises/markets his business through his social media (e.g.,

4

https://www.youtube.com/user/Charlesperalo,   https://www.instagram.com/charlesperalo/,

https://www.instagram.com/charlesperalo/,   https://www.facebook.com/charlesperalo/,

https://www.tiktok.com/@charlesperalo?lang=en,   https://www.snapchat.com/@charlesperalo,

and https://www.threads.com/@charlesperalo) and other forms of advertising.

17.     Defendant generates millions of views from consumers of his digital shorts/videos. Those views translate into income for Defendant who boasts that he earns "$250,000 per year off TikTok, YouTube and Snapchat."

## III.     The Underlying Copyright Infringement Matter

18.     One of CopyCat Legal's clients is a photography agency that represents (all around the world) over 100 professional portrait, lifestyle, beauty, and fashion photographers.

19.     Such client discovered that Defendant was utilizing at least fourteen (14) of its professional photographs as the thumbnail/cover photograph for a multitude of YouTube, TikTok, and other for-profit videos in which Defendant speaks as to various topics concerning the actor who is the subject of such photograph.  Examples of such are displayed below:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228




Andrew Garfield doubted
Tobey Maguire
53K views

Andrew Garfield kept
straight
1.2M views

20. After discovering what it believed to be infringement of its copyrights in the subject photographs, the client retained CopyCat Legal to send a pre-suit infringement notice to Defendant and, if necessary, to pursue a lawsuit in connection therewith.

21. In connection therewith, on March 17, 2026, CopyCat Legal sent Defendant (via e-mail and US Mail) a letter (signed by DeSouza) with respect to Defendant's alleged infringement of its client's photographs. The letter demanded that Defendant cease using the subject photographs and likewise included a monetary proposal to resolve Defendant's alleged infringement.

22. In response (beginning on the same date), Defendant lashed out in a tirade against Plaintiffs and their client, first proclaiming that the videos utilizing the subject photographs "will remain up, and will be used in future content. In fact, I will find away to use some of these images again today."

23. Following this initial e-mail, Defendant sent at least a dozen other e-mails to Plaintiffs and made several telephone calls to Plaintiffs to express his apparent displeasure with

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

receiving notice of his alleged infringement of copyright.

24.     Rather than address the merits of the copyright claim, Defendant opted instead to call a female employee of CopyCat Legal a "cunt," told the receptionist at CopyCat Legal (another female employee) to inform the aforementioned female employee that she is a "cunt," referred to himself as DeSouza's "master," and threatened to launch an investigation/publish videos about Plaintiffs if their client pursued its copyright infringement claim against Defendant.

**IV.     Defendant's Continued Defamatory/Disparaging Conduct**

25.     Unhappy with the fact that his threatening e-mails and foul comments to CopyCat Legal's female staff were not dissuading Plaintiff's client from pursuing its copyright infringement claim, Defendant opted for a new tactic of directly disparaging/defaming Plaintiffs to his approximately 2 million followers/subscribers.

26.     On March 18, 2026, Defendant published a video on his YouTube, TikTok, and/or other social media platforms titled "This guy is 'suing' me" (hereinafter, the "Video").

27.     The Video is approximately 6 minutes long, uses a photograph of DeSouza as the thumbnail/cover photograph of the video, and displays several other photographs of DeSouza/CopyCat Legal's staff throughout the Video.

28.     The Video starts by stating that 'this guy' (DeSouza) is trying to sue Defendant for $280,000.00, specifically identifying DeSouza as "Daniel DeSouza, a lawyer out of Florida."

29.     The Video then goes on to remark that, for the purposes of the remainder of the Video, "we're going to call him Scamming Dan."

30.      Defendant then speaks about CopyCat Legal, displaying a caption over a screenshot of the firm's website stating that "CopyCat Legal [is] focused on filling pockets" while claiming to help photographers.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

31.     Defendant then proclaims that Plaintiffs do not know the law regarding copyright "because Scamming Dan does not actually practice the law."

32.     Defendant then states that DeSouza 'bragged' to Defendant that he won $203,000.00 in a case recently to which Defendant states he wanted to know "what the hell" that case was about.

33.     The video then goes on to purportedly discuss the outcome of Harrington v. Deepak Dugar, M.D., Case No. 2:22-cv-08230 (C.D. Cal.) (the "Dugar Lawsuit").

34.     The Dugar Lawsuit involved a claim for copyright infringement with respect to a single photograph by one of Plaintiffs' clients against a plastic surgeon in Beverly Hills, California.

35.     The Dugar Lawsuit was filed on April 20, 2022 and proceeded to a 3-day trial from May 28, 2024 – May 30, 2024 for which the jury returned a $10,000.00 verdict in Plaintiffs' client's favor.

36.     Following the trial, Plaintiffs' client filed a motion for prevailing party fees which may be awarded (by discretion) under the Copyright Act.  That motion sought an award with respect to more than 370 hours of fees incurred by DeSouza, an associate attorney, and multiple paralegals throughout the > 2 years the Dugar Lawsuit was litigated (during which time there were > 230 docket entries).

37.     The defendant in the Dugar Lawsuit opposed the motion for fees and, following a hearing thereon, Judge Vera of the Central District of California issued an 11-page opinion awarding 100% of the fees sought by Plaintiffs' client ($193,032.50), concluding: "Considering this case concluded in a jury trial and verdict, the Court finds that the total of 370.3 hours was reasonable."

38.     Although DeSouza explained the outcome of the Dugar Lawsuit to Defendant on a

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

telephone call, Defendant chose to grossly misrepresent the facts of the case to his viewers/subscribers in an effort to disparage Plaintiffs.

39. In the Video, Defendant purports to explain the background facts of the Dugar Lawsuit, noting that Plaintiffs' client was awarded $10,000.00 and then stating that "what Scamming Dan did after that is absolutely immoral."

40. Defendant then remarks that Dr. Dugar "got scammed by Scamming Dan in the first place.  Because what happens is a lot of law firms like Scamming Dan's law firm, they actually work with these photographers to place the photos strategically online hoping people use them just so they get baited and putting them on their website and they can try to sue them later on because they have a bunch of bots and they try to make thousands of lawsuits every single year."

41. Defendant then remarks that 'Scamming Dan' is likely in on it (the aforementioned scam described by Defendant).

42. Defendant then goes on to say that DeSouza is telling clients that he will represent them for free, but if he wins, "I get to grossly exaggerate how much money we're going to do here."

43. Defendant then goes on to state that DeSouza is marking up legal fees so grossly that he is "a disgusting person."

44. The Video has been viewed approximately 175,000 times by Defendant's subscribers/followers and various other persons, including multiple persons in Florida.

45. For example, on March 13, 2026, a Florida attorney who DeSouza has previously represented in a civil matter reached out to DeSouza with respect to a lawsuit that had recently been filed against such attorney in the United States District Court for the Southern District of Florida.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

46. Given DeSouza's prior representation of such attorney, he was inquiring whether DeSouza could represent him in the 219-paragraph malicious prosecution action that had been filed against him.

47. Although DeSouza and the attorney were finalizing terms for such representation, on March 20, 2026 that attorney e-mailed DeSouza that he (while in Boca Raton, FL) had watched the Video and, as a result, decided to hire a different attorney to represent him in the malicious prosecution lawsuit.

48. On March 19, 2026, one of CopyCat Legal's clients likewise e-mailed DeSouza stating that she had seen the Video and was deeply concerned by the content of such and believed CopyCat Legal's continued representation of her could reflect poorly on her own reputation given the substance of Defendant's assertions.

49. Upon information and belief, at least 1,000 different individuals who were physically located in Florida viewed the Video and read the various comments/remarks made thereon.

50. This includes at least a dozen non-attorney employees of CopyCat Legal, at least one prospective client of DeSouza, and at least two (2) other Florida attorneys who Plaintiffs have previously worked with.

51. After posting the Video, Defendant published a poll on YouTube in which he asked viewers whether DeSouza is a scammer.  In the first pinned comment thereon, Defendant remarked that DeSouza "has a law firm called copycat legal, where he sues 4,000+ people per year for misuse of images, only charges clients if he wins, so he can use loser pays to his advantage and likely is running honey posts online, hoping people take the image."

52. Defendant then posted DeSouza's e-mail address and encouraged his

viewers/followers to "trash" DeSouza.

53.     In the comments to that poll, Defendant again accuses DeSouza of inflating his fees in the Dugar Lawsuit:

@Charlesperalo ✓  9 days ago

Courts don't normally do that, but this particular case is loser pays.

He also wouldn't charge his client $193,000 if he lost.

His goal is inflate numbers so the loser pays big.
Show less

54.     The foregoing poll garnered 177,000 votes to date and has more than 547 comments posted, many of which were led by Defendant to believe that Plaintiffs charged their client in the Dugar Lawsuit $193,000.00 in fees, that Plaintiffs conspired with their client to lure Dr. Dugar into using he photograph, or that Plaintiffs somehow grossly inflated their fees in the Dugar Lawsuit (even though such fees were challenged, reviewed, and found to be 100% reasonable).

55.     Between his TikTok and YouTube versions of the Video, there are over 250 comments – many of which believe Defendant's assertions, refer to Plaintiffs as scammers, threaten physical violence against Plaintiffs, threaten that Plaintiffs should be disbarred, etc.

56.     Other comments, however, warned Defendant that his conduct was likely to get Defendant sued for defamation and/or copyright infringement.

57.     Perhaps in response to those warnings, Defendant once again re-engaged by sending multiple e-mails to DeSouza in which he boasts about his online following, threatens to have DeSouza disbarred, and asserts that Plaintiffs lied about incurring hundreds of hours of fees for a 3-day trial in the Dugar Lawsuit.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

58.     Defendant continued sending such e-mails, several of which are extortionate in nature, for the express purpose of discouraging Plaintiffs and their client from pursuing claims against him.

59.     Upon information and belief, Defendant likewise privately communicated with many of his followers/subscribers and further conveyed the same representations – that Plaintiffs are scammers, that they grossly inflated their billing on the Dugar Lawsuit, that the Dugar Lawsuit took place over a 3-day period and therefore it was impossible to bill hundreds of hours of fees, that DeSouza is a scammer, that Plaintiffs conspired with their clients to cause businesses/persons to commit copyright infringement, etc. – all of which is false and which Defendant knew was false at the time he made these statements.

60.     Defendant publicly and privately encouraged his followers/subscribers to contact Plaintiffs and harass them in the same manner as Defendant.

61.     Many of Defendant's followers/subscribers followed his directive and either e-mailed Plaintiffs or submitted messages through the contact form on CopyCat Legal's website – the bulk of which parroted Defendant's lies and threats.

62.     For example, several of Defendant's followers/subscribers messaged anonymously (for now, until their identities are revealed in this lawsuit) as follows:

**Tell us what happened**

Your organization chokes on it's greed, and shall drown in it's own semen and blood, begging to be let free. The number I gave is fake. Your company may as well jump in a pit of fire with all the other greedy corporates.

**Comment or Message**

DANIEL DESOUZA A BITCH FOR STEALING THAT DOCTOR MONEY

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**Tell us what happened**

> I heard you are scamming people and that fuckhead Daniel DeSouza needs to have his license revoked and should be imprisoned

**From:** karl
**To:** Daniel DeSouza
**Date:** Thursday, March 19, 2026 12:12:42 PM

Yooooo is that big Scamming Dan
Charging 200k legal fees for 10k payout
Scamming lil wank aren't ya
Now suing Charles peralo for callin u out haha
We all hope you end up alone and run outta toilet paper while taking a big fat sh!t hahaha

**From:** Isaiah Simmons
**To:** Daniel DeSouza
**Subject:** Your workstyle
**Date:** Friday, March 20, 2026 1:55:29 AM

Hi! I actually just heard about you and I wanted to tell you something. It takes a different kind of scumbag to charge nearly 20x settlement for people you supposedly "win" cases for, if the alternative is getting screwed out of WAY more money then they'd be better off hoping they have a good public defender. I mean, I know lawyers get dogged on for being soulless monsters who value money over all else but you're seriously trying to make that a reality? Where is your ethics? Why say you'll only charge if you win and then charge more than the settlement for the injured party? Do you truly lack a soul or has greed corrupted and consumed it, leaving only a husk of a person who values money over all else?



**Alec T**
1 review

★☆☆☆☆  a day ago  **NEW**

Terrible experience! The firm asked me if I wanted to work with them in taking photos and placing them online so I can get a settlement from small businesses. I said no but they were really pushy, made me uncomfortable especially when Dan DeSouza tried to touch me inappropriately.

**From** Chase Yancey <chaseyancey@gmail.com>
**Date** Thu 3/26/2026 9:16 PM
**To** Daniel DeSouza <dan@copycatlegal.com>

You are an absolute fucking piece of shit. Who the fuck wins his client $10,000 only to charge them $193,000?!! Absolute fraud.
Yours truly,
Chase Yancey

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

63.     The above are not the only examples of Defendant lashing out against Plaintiffs with false, misleading, and defamatory statements, all maliciously designed to steer attention away from his own copyright infringement and to discourage Plaintiffs' client from pursuing an infringement lawsuit against him.

64.     Defendant has made a multitude of false, disparaging statements about Plaintiffs to a multitude of third parties.

65.     All conditions precedent to this action have been performed or have been waived.

### COUNT ONE: DEFAMATION/BUSINESS DISPARAGEMENT

66.     Plaintiffs re-allege and incorporate paragraphs 1 through 65 as set forth above.

67.     As set forth more fully above, Defendant has made numerous defamatory and disparaging statements about Plaintiffs.

68.     Such statements include, but are not limited to: (a) Plaintiffs are scammers; (b) DeSouza is not an attorney or does not practice law; (c) DeSouza violated the Rules of Professional Conduct and/or other ethical rules governing the practice of law; (d) Plaintiffs stole $193,000.00 in attorneys' fees from Dr. Dugar; (e) Plaintiffs grossly inflated their legal billing in the Dugar Lawsuit and did not work anywhere near the hours that were awarded; (f) Plaintiffs file 4,000+ copyright lawsuits per year; and (g) Plaintiffs work/conspire with their clients to place photographs online to entrap victims into downloading them so that Plaintiffs can sue them.

69.     Defendant's statements were false when made.

70.     Defendant knew the aforementioned statements were false at the time they were made.

71.     As a direct and proximate result of Defendant's actions, Plaintiffs suffered substantial damages, including but not limited to lost business reputation and lost profits.  As

14

explained above, at least one prospective client declined to hire Plaintiffs with respect to a contentious federal lawsuit that likely would have required Plaintiffs to incur at least $100,000.00 in attorneys' fees to litigate. Other clients of Plaintiffs have likewise expressed concern over the Video and therefore declined to send new cases to Plaintiffs, translating to expected lost profits in the hundreds of thousands of dollars. Between reputation damage and lost profits, Plaintiffs' damages far exceed this Court's $75,000.00 threshold for diversity jurisdiction.

72. In conducting such acts, Defendant acted with malice or disregard for Plaintiffs' rights; therefore, Plaintiffs are entitled to punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for compensatory damages, punitive damages, preliminary and permanent injunctive relief, an award of costs, and such other relief as the Court deems just and proper.

## COUNT TWO: DECEPTIVE AND UNFAIR TRADE PRACTICES

73. Plaintiffs re-allege and incorporate paragraphs 1 through 65 as set forth above.

74. The foregoing conduct constitutes a violation of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"), Florida Statutes, § 501.201 et seq.

75. Defendant's campaign of spreading false and disparaging statements about Plaintiffs constitutes a "deceptive act or practice" in the conduct of trade/commerce (specifically Defendant's business of being a content creator and profiting off the Video/his polls).

76. As a direct and proximate result of Defendant's deceptive act or practice, Plaintiffs suffered substantial damages, including but not limited to lost profits and lost business reputation. As explained above, at least one prospective client declined to hire Plaintiffs with respect to a contentious federal lawsuit that likely would have required Plaintiffs to incur at least $100,000.00 in attorneys' fees to litigate. Other clients of Plaintiffs have likewise expressed concern over the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Video and therefore declined to send new cases to Plaintiffs, translating to expected lost profits in the hundreds of thousands of dollars.  Between reputation damage and lost profits, Plaintiffs' damages far exceed this Court's $75,000.00 threshold for diversity jurisdiction.

77.     Defendant's conduct is willful in that he actively misrepresents his conversations with Plaintiffs/the facts of the Dugar Lawsuit (which were specifically described to him) and knowingly make false statements concerning Plaintiffs and their practice of law in an effort to mislead consumers, discourage Plaintiffs' client from pursuing an infringement action, and unfairly drive clients away from Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for compensatory damages, punitive damages, preliminary and permanent injunctive relief, an award of costs and reasonable attorneys' fees pursuant to Fla. Stat. § 501.2105, and such other relief as the Court deems just and proper.

## COUNT THREE: UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS

78.     Plaintiffs re-allege and incorporate paragraphs 1 through 65 as set forth above.

79.     Fla. Stat. § 540.08 provides that: "No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by… Such person."

80.     Throughout the Video and in at least one online poll, Defendant publishes, displays, and publicly uses several photographs of DeSouza and various employees of CopyCat Legal without the express written or oral consent of any such persons.

81.     Defendant's purpose in using such photographs was commercial – i.e., to generate views for his videos which, in turn, translate to monies being paid to him as part of his content

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

creation business.

82.    Further, on March 24, 2026, Peralo unequivocally stated that he is "making a Scamming Dan shirt I intend on selling to my audience.  I plan to send your whole office a box in the mail."  In so doing, Peralo is not just using the name "Scamming Dan" but rather also photographs of DeSouza for which he has not obtained any consent to use.

83.    As a direct and proximate result of Defendant's unauthorized publication of DeSouza's name or likeness, DeSouza suffered substantial damages, including but not limited to lost profits and lost business reputation.  Between reputation damage and lost profits, DeSouza's damages far exceed this Court's $75,000.00 threshold for diversity jurisdiction.

**WHEREFORE**, DeSouza demands judgment against Defendant for compensatory damages, punitive damages, preliminary and permanent injunctive relief, and such other relief as the Court deems just and proper.

### Demand For Jury Trial

Plaintiffs demand a trial by jury on all issued so triable.

Dated: March 31, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
talia@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    Talia Manreza Vives, Esq.
    Florida Bar No.: 1058838