UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:26-cv-60910-DSL



FILED BY ___ABM___ D.C.

**May 11, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

COPYCAT LEGAL PLLC, et al.,
Plaintiffs,

v.

CHARLES A. PERALO,
Defendant.

DEFENDANT'S MOTION TO DISMISS

Defendant Charles A. Peralo ("Defendant"), proceeding pro se, moves to dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

This case arises from Defendant's online commentary and criticism regarding Plaintiffs' business practices and litigation conduct. The alleged statements consist largely of opinion, rhetorical hyperbole, and subjective interpretation of publicly discussed matters.

Even accepting Plaintiffs' allegations as true, the Complaint fails to state a claim for defamation or related causes of action. Accordingly, dismissal is warranted.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. Conclusory allegations and legal conclusions are insufficient.

1

III. ARGUMENT

A. Plaintiffs Fail to Identify Actionable False Statements of Fact

Defamation requires a false statement of fact that is capable of being proven true or false. The Complaint relies heavily on generalized characterizations and interpretations of Defendant's content, rather than clearly identifying specific, actionable false statements.

Many alleged statements are vague, subjective, or lack sufficient context to be evaluated as factual assertions.

B. The Alleged Statements Constitute Protected Opinion and Commentary

The statements identified in the Complaint—including characterizations of Plaintiffs' business practices and the use of terms such as "scam" or similar descriptors—constitute non-actionable opinion, rhetorical hyperbole, and subjective commentary.

Courts have consistently held that such expressions, particularly when made in the context of criticism or online commentary, are protected under the First Amendment and cannot form the basis of a defamation claim.

No reasonable viewer would interpret such statements as literal assertions of objectively verifiable fact.

C. Statements Must Be Considered in Context

The alleged statements cannot be evaluated in isolation. When viewed in the context of online commentary, discussion of legal disputes, and criticism of business practices, the statements are properly understood as opinion and interpretation rather than factual assertions.

D. Plaintiffs Fail to Plead Falsity with Required Specificity

Plaintiffs must plausibly allege that Defendant made specific false statements of fact. Instead, the Complaint offers conclusory allegations that Defendant's statements are "false" without adequately identifying how the statements are factually incorrect in a legally actionable manner.

E. Plaintiffs Fail to Adequately Plead Damages

The Complaint relies on speculative and conclusory assertions of harm. Plaintiffs fail to plausibly allege concrete, non-speculative damages directly caused by Defendant's statements.

F. Plaintiffs Fail to Allege Actual Malice (If Applicable)

To the extent the alleged statements concern matters of public interest or public-facing business conduct, Plaintiffs must plausibly allege actual malice. The Complaint fails to allege facts sufficient to support such a claim.

G. The Alleged Statements Constitute Non-Actionable Rhetorical Hyperbole

Statements such as characterizations of Plaintiffs as "scammers" or similar language are classic rhetorical hyperbole. Such statements are not capable of being proven true or false and are therefore not actionable as defamation.

H. Certain Allegations Require Fact Development and Are Not Suitable for Resolution at the Pleading Stage

To the extent Plaintiffs' claims rely on disputes regarding billing practices, litigation timelines, or communications with third parties, such issues involve factual disputes inappropriate for resolution on a motion to dismiss.

Accordingly, dismissal is appropriate at least as to claims based on non-actionable opinion and conclusory allegations.

I. The Complaint Relies on Conclusory and Insufficient Allegations

The Complaint relies on broad, generalized accusations rather than specific, plausible facts. Such pleading deficiencies warrant dismissal.

IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

3

• Dismiss the First Amended Complaint in its entirety; or

• Alternatively, dismiss all claims based on non-actionable opinion and insufficiently pleaded allegations; and

• Grant such other relief as the Court deems appropriate.

Defendant further respectfully requests dismissal with prejudice to the extent permitted by law.

Respectfully submitted,

Charles A. Peralo
21 Scarborough Circle
Rock Hill,  NY          12775
Charles@Peralo.com
845-807-6849

Pro Se Defendant

CERTIFICATE OF SERVICE

I certify that on May 7th I served a copy of this Motion to Dismiss on Plaintiffs' counsel:

Daniel DeSouza, Esq. & CopyCat Legal PLLC
3111 N University Dr Ste 301
Coral Springs, FL       33065-5058
ddesouza@desouzalaw.com

Charles A. Peralo
21 Scarborough Circle
Rock Hill, NY   12775

*Retail*

UNITED STATES
POSTAL SERVICE®

U.S. POST
FCM LETT
TRENTON,
MAY 07,

33301

RDC 99

$6.0

S2324H504

9589 0710 5270 1210 8387 63

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**®

9589 0710 5270 1210 8387 63

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
299 E. Boward Blvd.
Fort Lauderdale, FL   33301

Case No.: 0:26-cv-60910-DSL