**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-cv-60910-LEIBOWITZ/AUGUSTIN-BIRCH**

**COPYCAT LEGAL PLLC and**
**DANIEL DESOUZA**,

      *Plaintiffs*,

*v.*

**CHARLES A. PERALO**,

      *Defendant.*

_____/

**ORDER ON FINAL DEFAULT JUDGMENT PROCEDURE AND**
**VACATING ORDER DIRECTING THE PARTIES TO MEET AND CONFER**

**THIS CAUSE** is before the Court upon the Clerk's Entry of Default dated July 2, 2026. [ECF No. 21]. *Pro se* Defendant Charles A. Peralo ("Defendant") has failed to respond to the First Amended Complaint despite being ordered to twice. [*See* ECF Nos. 13, 23]. The Court warned Defendant that failure to answer the First Amended Complaint would result in entry of an order directing Plaintiffs to file a motion for entry of final default judgment. [ECF No. 23]. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Plaintiffs must file one of the following two responses by **July 31, 2026**:

(1)      Where there are no allegations of joint and several liability and no possibility of inconsistent liability between Defendants, Plaintiffs shall file a *motion for default final judgment*. The *motion for default final judgment* must include affidavits of any sum certain due by Defendant and any other supporting documentation necessary to determine Plaintiffs' measure of damages. The *motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. *See* S.D. Fla. Local Rule 7.1(a)(2)). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at leibowitz@flsd.uscourts.gov. Plaintiffs

shall send a copy of the *motion* to Defendant's counsel or to Defendant if it does not have counsel. In the certificate of service, Plaintiffs shall indicate that notice was sent and the addresses where notice was sent. If Defendant fails to move to set aside the Clerk's Entry of Default or respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiffs may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

(2)     Where there are allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiffs shall file a *notice of joint liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiffs may move for the entry of default final judgment against Defendant, as described in (1) above, no later than 14 days thereafter.

The Court's order directing the parties to meet and confer telephonically and file a joint scheduling report and proposed scheduling order, as required by Local Rule 16.1 no later than July 31, 2026 **[ECF No. 28 at 2]** is hereby **VACATED**.

**DONE AND ORDERED** in the Southern District of Florida on July 20, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record

2