## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:26-cv-60910-LEIBOWITZ

**COPYCAT LEGAL PLLC and**
**DANIEL DESOUZA**,

 *Plaintiffs*,

*v.*

**CHARLES A. PERALO**,

 *Defendant.*

_____/

### <u>SANCTIONS ORDER</u>

**THIS CAUSE** is before the Court *sua sponte*.  *Pro se* Defendant Charles A. Peralo ("Defendant") has repeatedly failed to obey the Court's orders.  Accordingly, the Court will impose a monetary sanction on him.

Rule 16(f) of the Federal Rules of Civil Procedure states that a court may, *sua sponte*, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(C).  Sanctions under Rule 16 are "designed to punish lawyers *and parties* for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation."  *Maus v. Ennish*, 513 F. App'x 872, 878 (11th Cir. 2013) (emphasis added) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).  "Issuance of monetary and other sanctions under Rule 16(f) for violations of scheduling or other pretrial orders falls within the Court's discretion."  *Diagnostic Leasing, Inc. v. Associated Indem. Corp.*, 2019 WL 13021016, at *5 (M.D. Fla. June 7, 2019) (citing *Hicks v. Client Servs., Inc.*, 2009 WL 10667497, at *3 (S.D. Fla. Feb. 11, 2009)).  The "Eleventh Circuit has made clear that '[t]he key to unlocking a court's inherent power is a finding of bad faith.'"  *Walker*, 2022 WL 22946981, at *2 (quoting *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017)).

A *pro se* litigant who ignores a court order "is and should be subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming sanctions against *pro se* litigant who ignored discovery order); *see Franklin v. Bd. of Cty, Comm'rs of Osceola Cty.*, 2019 WL 359855, at *3 (M.D. Fla. Jan. 7, 2019), *report and recommendation adopted*, 2019 WL 354863 (M.D. Fla. Jan. 29, 2019) (sanctioning *pro se* litigant under Rule 16 for failing to coordinate and attend pretrial conference ordered by the court); *Walker v. Progressive Select Ins.*, 2022 WL 22946981, at *4 (N.D. Fla. Aug. 3, 2022) (sanctioning *pro se* litigant for failing to appear at mediation and sending threatening emails to opposing counsel).

Defendant has repeatedly and brazenly ignored this Court's orders. On June 11, 2026, the Court denied Defendant's Motion to Dismiss, noting it bore indicia of AI-generated material, and ordered Defendant to file an answer to Plaintiffs' first amended complaint no later than June 25. [ECF No. 13 at 10].[1] Defendant blew through that deadline. On July 2, Plaintiffs informed the Court that Defendant refused to participate in drafting a joint scheduling report per the Court's June 12 Order [ECF No. 16], "[d]espite at least thirteen (13) e-mail follow-ups." [ECF No. 22 ¶ 4]. Plaintiffs included screenshots of Defendant's responses to those emails, where Defendant said (among other things), "[y]ou are a fat [f**cking] loser," "you are my dancing monkey," and "you're a [f**cking] moron." [*Id.* ¶ 3]. The Court ordered the parties to meet and confer and file a joint scheduling report by July 10 and *sua sponte* granted Defendant an extension of his deadline to respond to the complaint until July 16. [ECF No. 23]. On July 10—the date the joint scheduling report was due—Plaintiffs informed the Court that Defendant failed to provide input and stated he was "in Las Vegas for a conference." [ECF No. 26 at 1–2]. Finally, on July 13, the Court ordered Defendant to show cause in writing why

---

[1]      In their Opposition to the Motion to Dismiss, Plaintiffs represented that Defendant sent them the following email: "Sent you and the court the motion to dismiss your BS case and beat you with ChatGPT. When I send a bag of dog [s**t] to your office next week, should it be made out to Scamming Dan and Friends or Scamming Dan and Company?" [ECF No. 12 at 1 n.1].

he should not be sanctioned for failure to meaningfully participate in this lawsuit no later than July 24 and warned him that failure to comply would result in sanctions without further notice.  [ECF No. 28].  Defendant blew through this deadline too, and still has yet to respond to the complaint.

The Court harbors no doubt that Defendant's conduct amounts to bad faith.  Not only have Plaintiffs served a copy of every relevant order on Defendant, [*see* ECF Nos. 14, 25, 29], on July 20, 2026, in response to a proposed order that Plaintiffs emailed to the Court, Defendant wrote (copying the Court):

> I'll look over this BS when I have less important things to do. Meaning well… Anything.
>
> But just a quick note. Save yourself some dignity and remove the part of me calling that idiot a [c**t].
>
> You can play that recording over. She left the call and when I thought she was gone I went "What a [c**t]". I didn't directly call her that and for your own good, the judge/jury would see you guys as liars over it.

This conduct (ignoring court orders and insulting counsel) is unacceptable and will not be tolerated.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant shall pay one thousand dollars ($1,000.00) into the Court's sanction fund **no later than August 14, 2026**, and shall file a notice certifying he has done so.  The Court further warns Defendant that engaging in any similar conduct going forward will result in more severe sanctions.

**DONE AND ORDERED** in the Southern District of Florida on July 27, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record

3