IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-60910-DSL

COPYCAT LEGAL PLLC and DANIEL
DESOUZA,

     Plaintiffs,

v.

CHARLES A. PERALO,

     Defendant.

_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO SET ASIDE CLERK'S DEFAULT**

Plaintiffs CopyCat Legal PLLC and Daniel DeSouza (collectively, the "Plaintiffs") hereby

file this memorandum in opposition to defendant Charles A. Peralo's ("Defendant") Motion to Set

Aside Clerk's Default (the "Motion") [D.E. 37], and state as follows:

**INTRODUCTION**

The Motion seeks to set aside/vacate the July 2, 2026 Clerk's Default [D.E. 21] entered in

this case. Rather than address the legal requirements for such request, Defendant instead proclaims

that he is "proud of what I said" (presumably including his endless tirade of e-mails, referring to

CopyCat Legal's female staff members as c***s, suggesting that undersigned counsel's daughter

open an "OnlyFans to get gang banged by 50 dudes Bonnie Blue style," etc.), and that none of his

statements are false. Defendant proclaims his "ignorance of the legal process," but ignores that

every document/Order in this case was served on him (through multiple means) and he likewise

responded to each service e-mail (with his usual insults). Defendant's willful/reckless disregard

for the judicial process is why a default was entered against him, and he has not demonstrated any

reason for the Court to excuse such conduct at this stage now that Plaintiffs have endured his endless insults and already incurred additional time in filing a Motion for Default Judgment.

## **BACKGROUND**

1.     On March 31, 2026, Plaintiffs filed their original Complaint [D.E. 1] against Defendant.

2.     Generally stated, Plaintiffs are a law firm/attorney who were retained by a client to send a pre-suit copyright infringement notice to Defendant with respect to his use of fourteen (14) celebrity photographs within several for-profit videos posted to Defendant's social media accounts.

3.     Plaintiffs allege that, in response to that pre-suit letter, Defendant lashed out with a multitude of vile messages directed at Plaintiffs/their staff, created at least two (2) videos defaming Plaintiffs/their staff that were posted to Defendant's social media accounts and viewed by hundreds of thousands of Defendant's subscribers, and likewise posted numerous defamatory statements on his social media accounts.

4.     Defendant was served with the original Complaint on April 18, 2026.  See D.E. 5.

5.     On April 28, 2026, Plaintiffs filed their First Amended Complaint [D.E. 6] to account for at least one (1) additional defamatory video/additional defamatory statements made by Defendant after service of the original Complaint.

6.     As indicated in Plaintiffs' April 29, 2026 Certificate of Service [D.E. 7], Defendant was served with the First Amended Complaint via US Mail, FedEx, and e-mail.

7.     On May 11, 2026 (i.e., within the deadline provided by Fed. R. Civ. P. 15(a)(3)),[1] Defendant filed his Motion to Dismiss [D.E. 9].  As the Court is aware, Defendant boasted at the

---

[1]     Notably, Defendant claims "ignorance of the legal process," yet was aware of the deadline to file a response to the First Amended Complaint and file such within the allotted time.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

time that he utilized ChatGPT to draft that motion.

8.      On June 11, 2026, the Court entered an Order [D.E. 13] denying the Motion to Dismiss.  That Order plainly and unequivocally directed Defendant to "file an Answer to the First Amended Complaint **no later than fourteen (14) days** from the date of this Order."[2]

9.      As with all other documents filed in this action, the Order was served on Defendant via US Mail, FedEx, and e-mail.  See D.E. 14.

10.     Indeed, Defendant responded to the service e-mail approximately 1.5 hours after it was sent with his usual brand of insults/threats:



Re: SERVICE OF COURT DOCUMENT/CASE NO. 0:26-cv-60910-DSL

Charles Peralo <charles@peralo.com>
To  Pleadings
Cc  Daniel DeSouza;  Talia Manreza
Thu 6/11/2026 3:53 PM

Oh yes, the biggest losers in my inbox contact again.

Ready for another video being called Scamming Dan and gonna get ready to flip burgers?

Get Outlook for iOS

From: Pleadings <pleadings@copycatlegal.com>
Sent: Thursday, June 11, 2026 2:15:35 PM
To: Charles Peralo <charles@peralo.com>
Cc: Daniel DeSouza <dan@copycatlegal.com>; Talia Manreza <talia@copycatlegal.com>
Subject: SERVICE OF COURT DOCUMENT/CASE NO. 0:26-cv-60910-DSL

| Court: | IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| Case No.: | 0:26-cv-60910-DSL |
| Plaintiff(s): | COPYCAT LEGAL PLLC and DANIEL DESOUZA |
| Defendant(s): | CHARLES A. PERALO |
| Title of Document(s): | Order on Motion to Dismiss |
| Sender's Name: | Daniel DeSouza, Esq. |
| Sender's Telephone No.: | (954) 900-9014 |

11.     That same day, the Court entered an Order Providing Instructions to Pro Se Litigants [D.E. 15] which further warned Defendant he must comply with all Orders, file pleadings on time, etc.

---

[2]      Emphasis in original.

12.    The Court likewise entered an Order Requiring Scheduling Report and Certificates of Interested Parties [D.E. 16].

13.    Again, these Orders were served on Defendant via US Mail, FedEx, and e-mail (in addition to the Clerk itself mailing such to Defendant).  See D.E. 17.

14.    As with prior service e-mails, Defendant again responded to undersigned counsel's service e-mail with insults/threats:

Re: CopyCat Legal et al. v. Charles Peralo - joint scheduling report / proposed Sc...            Summarize

CP    Charles Peralo <charles@peralo.com>          ☺  ↩ Reply  ↩ Reply All  → Forward       ...
      To  ● Daniel DeSouza                                                        Fri 6/12/2026 12:29 PM
      Cc  ● Talia Manreza;  ○ Pleadings
ⓘ You replied to this message on 6/15/2026 8:08 AM.

Oh and just in case I need to add this again.

You are fat fucking loser.

Get Outlook for iOS
_____

From: Charles Peralo <charles@peralo.com>
Sent: Friday, June 12, 2026 12:27:40 PM
To: Daniel DeSouza <dan@copycatlegal.com>
Cc: Talia Manreza <talia@copycatlegal.com>; Pleadings <pleadings@copycatlegal.com>
Subject: Re: CopyCat Legal et al. v. Charles Peralo - joint scheduling report / proposed Scheduling Order

Well, my big idiot is you're a fucking moron who is about to look like a fool yet again.

I feel bad for that other dude you failed, who you also threatened.

But you are my dancing monkey. For the rest of this, I'll get it resolved soon and look forward to smoking you.

Get Outlook for iOS
_____

From: Daniel DeSouza <dan@copycatlegal.com>
Sent: Friday, June 12, 2026 11:26:25 AM
To: Charles Peralo <charles@peralo.com>
Cc: Talia Manreza <talia@copycatlegal.com>; Pleadings <pleadings@copycatlegal.com>
Subject: CopyCat Legal et al. v. Charles Peralo - joint scheduling report / proposed Scheduling Order

Mr. Peralo,

Pursuant to the attached Order Requiring Report and Certificates of Interested Parties [D.E. 16], the parties must prepare and file a joint scheduling report and proposed scheduling order by July 2, 2026. I am attaching hereto Word drafts of both documents with proposed dates for the information required by the Local Rules. Here is a link to the Local Rules so you can see the information that is required:
https://www.flsd.uscourts.gov/sites/flsd/files/25-09-22%202025%20Local%20Rules%20effective%20120125%20-%20FINAL.pdf

Please let me know what proposed edits, if any, you have to both documents. As stated, the court requires these to be "joint" documents.

- Dan

4

15. On July 2, 2026, Plaintiffs filed their Motion for Clerk's Default [D.E. 20] which was granted the same day. See D.E. 21.

16. Again, the Clerk's Default, together with Plaintiff's motion to allow filing of a unilateral scheduling report (due to Defendant's refusal to participate in the process) were served on Defendant via US Mail, FedEx, and e-mail. See D.E. 20. A copy of the service e-mail (to which Defendant did not respond) is displayed below:



17. On July 7, 2026, the Court entered an Order [D.E. 23] denying Plaintiff's motion to allow filing of a unilateral scheduling report. Despite the Clerk's Default, the Court gave Defendant an opportunity to file his Answer to the First Amended Complaint "**no later than July 16, 2026.**"[3]

18. Again, that Order was served on Defendant via US Mail, FedEx, and e-mail. See D.E. 25.

---

[3] Emphasis in original.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

19.     On July 20, 2026 (with Defendant still failing to file an Answer), the Court entered an Order on Final Default Judgment Procedure and Vacating Order Directing the Parties to Meet and Confer [D.E. 31], which directed Plaintiffs to file a motion for default judgment on or before July 31, 2026.

20.     Again, both the Order on Final Default Judgment Procedure and Plaintiff's Motion for Default Final Judgment were served on Defendant via US Mail, FedEx, and e-mail.  See D.E. 33.

21.     On July 27, 2026, the Court entered a Sanctions Order [D.E. 35].  As noted therein, Defendant copied the Court on his e-mail response to service of the Motion for Default Judgment wherein he stated "I'll look over this BS when I have less important things to do. Meaning well… Anything."

22.     As with all other documents, the Sanctions Order was served on Defendant via US Mail, FedEx, and e-mail.  See D.E. 36.

23.     Defendant seemingly did not digest the Court's message therein, as he responded to the service e-mail within an hour by threatening to "make a bar association complaint" and stating if the case goes to trial, "you'll just get Danny boy over there taking it in [] the ass in front of the jury":

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Re: SERVICE OF COURT DOCUMENT/CASE NO. 0:26-cv-60910-DSL - Copycat Leg...

**CP**  Charles Peralo <charles@peralo.com>
To ○ Pleadings
Cc ✔ Daniel DeSouza; ◐ Talia Manreza
Tue 7/28/2026 12:07 PM

Another thing...

I'm pretty sure I can make a bar association complaint that you guys use your abilities as lawyers to make frivolous lawsuits and just get people to spend money, when you guys don't have to.

Like, that guy who messaged me saying you did an extremely shitty job representing him.

He said you threatened to sue him if he fought back exposing your bad work and had a panic fearing that lawsuit. Knew he'd win, but the cost of fighting back is absurd.

Like dudes... You don't have a case against and if this sees a trial, which it won't, you'll just get Danny boy over there taking it in front of the ass in front of the jury.

If it's a whooping your after, papa will give it to Danny boy, but I can promise you going forward will cause 1000x more harm than good.

Get Outlook for iOS
_____
From: Pleadings <pleadings@copycatlegal.com>
Sent: Tuesday, 28 July 2026 11:23:44
To: Charles Peralo <charles@peralo.com>
Cc: Daniel DeSouza <dan@copycatlegal.com>; Talia Manreza <talia@copycatlegal.com>
Subject: SERVICE OF COURT DOCUMENT/CASE NO. 0:26-cv-60910-DSL - Copycat Legal PLLC v. Charles A. Peralo

| Court: | IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| Case No.: | 0:26-cv-60910-DSL |
| Plaintiff(s): | COPYCAT LEGAL PLLC and DANIEL DESOUZA |
| Defendant(s): | CHARLES A. PERALO |
| Title of Document(s): | Sanctions Order (with an 8/14/26 deadline) |
| Sender's Name: | Daniel DeSouza, Esq. |
| Sender's Telephone No.: | (954) 900-9014 |

24.     That same day, Plaintiffs filed their Motion for Default Judgment [D.E. 32].[4]

25.     Defendant then waited until July 30, 2026 before sending an e-mail "[r]equesting a motion to meet and confer *the next 30 days* and having something delivered to the judge."[5]

26.     Upon further inquiry, Defendant identified a prospective motion to set aside the Clerk's Default, to which undersigned counsel promptly noted opposition to.

---

[4]     The bulk of the Motion for Default Judgment had already been drafted following Defendant's failure to file his Answer by the Court's extended deadline for doing so.
[5]     Emphasis added.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## ARGUMENT

### I.      Legal Standard

Fed. R. Civ. P. 55(c) provides that a court may set aside an entry of default for good cause. "'Good cause' is a mutable standard, varying from situation to situation.  It is also a liberal one— but not so elastic as to be devoid of substance." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)).  In determining whether good cause exists, the Court must consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id. (citing Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994).  "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, ***the court need make no other findings in denying relief.***" Id. at 951-52 (emphasis added).  "Most failures to follow court orders are not 'willful' in the sense of flaunting an intentional disrespect for the judicial process.  However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful." Compania Interamericana Exp.-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 952 (11th Cir. 1996).

### II.      Defendant Failed to Demonstrate Good Cause

Here, consideration of the Motion should begin and end with whether Defendants' default was culpable or willful.  As set forth above and recognized by the Court in both the Sanctions Order and its Order denying Defendant's ChatGPT-drafted motion to dismiss, Defendant has been well-aware of this lawsuit and the judicial process since he was initially served with the original Complaint.  He has been served (via US Mail, FedEx, and e-mail) with every document filed in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

this case yet has demonstrated a total disregard for the judicial process. Defendant cannot claim 'ignorance' of the law to set aside the Clerk's Default when the Court itself *twice*, in plain/unequivocal language, required Defendant to file an Answer to the First Amended Complaint by a date certain.

Notably, this is not a case where Defendant was served with the original Complaint and failed to appear due to his misunderstanding of the law/his obligations under the Federal Rules. Rather, Defendant embraced the opportunity to participate in this lawsuit and even went so far as to create a new video discussing how he had been sued and intended to trounce Plaintiffs. He has participated in these proceedings when he wanted to (i.e., by filing a motion to dismiss) and otherwise ignored the case altogether (i.e., by failing to participate in a Rule 26(f) conference notwithstanding at least a dozen attempts by undersigned counsel to confer with him). At *every* opportunity to do so, Defendant has *deliberately* ignored this Court's Orders and his obligations under the Federal Rules which, even as a pro se litigant, he is not excused from disregarding. See, e.g. Claiborne v. JP Morgan Chase Bank Nat'l Ass'n, No. 22-13676, 2024 U.S. App. LEXIS 319, at *4 (11th Cir. Jan. 5, 2024) ("[P]ro se litigants are nevertheless required to follow procedural rules.").

Defendant's default here was clearly willful or culpable. As a result, the Motion should be denied outright. See, e.g. El Toro Loco Churrascaria, LLC v. La Vaca Loca Churrasqueria, LLC, No. 25-cv-23893-BLOOM/Elfenbein, 2026 U.S. Dist. LEXIS 133339, at *7 (S.D. Fla. June 15, 2026) (denying motion to set aside default where defendants neglected court deadlines and ignored prior counsel's advice); Yanick St. Charles v. Int'l Sec. Guard Servs., Inc., No. 1:24-cv-22063-KMM, 2026 U.S. Dist. LEXIS 38531, at *13 (S.D. Fla. Feb. 24, 2026) (denying motion to set aside default solely due to finding of willfulness/reckless disregard); RKR Motors, Inc. v. Perez,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

No. 23-CV-60819-SINGHAL/VALLE, 2024 U.S. Dist. LEXIS 103124, at *3 (S.D. Fla. June 10, 2024) (recommending that motion to set aside default be denied due to "lack of regard for these proceedings"); Top Beam Inc. v. Shieldx2 LLC, No. 21-cv-23210-COOKE/DAMIAN, 2022 U.S. Dist. LEXIS 115113, at *11 (S.D. Fla. June 28, 2022) (recommending motion to set aside default be denied where defendants had notice of court orders but failed to comply with such); Steadfast Ins. Co. v. Patrol, No. 1:20-CV-05167-ELR, 2021 U.S. Dist. LEXIS 212631, at *10 (N.D. Ga. Aug. 4, 2021) (denying motion to set aside default upon finding that default was willful/culpable);

### III.   Meritorious Defense/Prejudice

Although the remaining factors need not be addressed, Plaintiffs do so here.  First, the Motion does not establish a meritorious defense to any of Plaintiffs' claims.  While the standard for doing so is not stringent at this stage, the Motion simply proclaims the entirety of Defendants' unspecified statements to be 'true' and that he is 'proud' of such.  And while truth is a defense to defamation (Count One), these type of self-serving proclamations are insufficient.  See, e.g. CFTC v. Notus LLC, No. 1:22-CV-20291-GAYLES-TORRES, 2026 U.S. Dist. LEXIS 63113, at *5 (S.D. Fla. Mar. 25, 2026) (finding lack of meritorious defense where motion to set aside default included "a self-serving declaration with exhibits that do not clearly establish a defense"); Grupo Rayco C.A. v. Delta Air Lines, Inc., No. 1:20-cv-01952-AT, 2021 U.S. Dist. LEXIS 73462, at *11-12 (N.D. Ga. Mar. 16, 2021) ("Defendant must allege some evidence of a factual basis for a meritorious defense before the Court can seriously consider opening the default…. That means, the party must allege a defense that is legally cognizable and offer specific facts which, if proved at trial, would establish the defense.").

Here, Defendant does not point to any 'facts' evidencing the truthfulness of his statements. Rather, he simply avers that his statements were not false without providing any context or support

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

for their supposed truthfulness. Further, he does not even endeavor to address the other claims asserted in the First Amended Complaint (violation of FDUTPA or unauthorized publication of name or likeness). Nor has Defendant attached a proposed Answer setting forth any affirmative defenses or other denials of Plaintiffs' claims. In short, his self-serving statement about being proud of his conduct is not sufficient to satisfy the meritorious defense factor.

With respect to prejudice, delay from having to continue to litigate the case is generally insufficient. See Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009). Rather, sufficient prejudice includes "a loss of evidence, created increased difficulties in discovery, or allowed for greater opportunities for fraud and collusion." Sherrard v. Macy's Sys. & Tech., Inc., 724 F. App'x 736, 739 (11th Cir. 2018). Here, given the nature of Defendant's conduct, Plaintiffs submit that prejudice beyond normal delay exists. As indicated in the original Complaint, Defendant's first video (which remains published/publicly accessible) had been viewed approximately 175,000 times as of March 31, 2026[6] which his YouTube poll had garnered 177,000 votes/547 comments as of that date.[7] When the First Amended Complaint was filed (a month later), Defendant's first video had jumped to approximately 205,000 views, and his YouTube poll had garnered 235,000 votes/670 comments.[8] Today, his videos/YouTube polls still remain published/publicly accessible, with the number of views/comments continuing to grow (with the first video now up to 231,000 views).

Defendant continues to garner additional views, and Plaintiffs continue to receive threatening messages from his subscribers (who he openly invites to harass Plaintiffs) – all of which continues to cause irreparable injury to Plaintiffs and their ongoing business. Further,

---

[6] See original Complaint [D.E. 1], at ¶ 44.
[7] Id. at ¶ 54.
[8] See First Amended Complaint [D.E. 6], at ¶¶ 44; 54.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Defendant has already deleted some of the evidence of his conduct (such as his comment posting undersigned counsel's contact information and suggesting his subscribers harass undersigned counsel), certainly satisfying that a loss of evidence and increased in difficulties in discovery (which Defendant refused to even commence) would be likely.  This goes well beyond the normal prejudice experienced by plaintiffs having to litigate their claims – it gives Defendant precisely what he wants (i.e., continued exposure, views, and income derived from his conduct/videos).

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion and (b) for such further relief as the Court deems proper.

Dated: August 1, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
     Daniel DeSouza, Esq.

<strong><u>CERTIFICATE OF SERVICE</u></strong>

I hereby certify that on August 1, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on August 1, 2026, the foregoing document was served via First-Class US Mail and FedEx to Charles Peralo, 21 Scarborough Circle, Rock Hill, NY 12775, and via email to Charles A. Peralo (charles@peralo.com).

/s/ Daniel DeSouza

Daniel DeSouza, Esq.