IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-60910-DSL

COPYCAT LEGAL PLLC and DANIEL
DESOUZA,

      Plaintiffs,

v.

CHARLES A. PERALO,

      Defendant.

_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR REFERRAL TO VOLUNTEER ATTORNEY PROGRAM**

Plaintiffs CopyCat Legal PLLC and Daniel DeSouza (collectively, the "Plaintiffs") hereby file this memorandum in opposition to defendant Charles A. Peralo's ("Defendant") Motion for Referral to Volunteer Attorney Program (the "Motion") [D.E. 38], and state as follows:

1.      For the reasons explained herein, the Court should not entertain Defendant's request for referral to the Volunteer Attorney Program.

2.      First, while the Motion contends that Defendant is "unable to afford a lawyer," that is a markedly different statement than his pre-suit boasts about his income/assets.

3.      For example, on March 17, 2026, Defendant boasted that he earns $250,000.00 annually from his social media channels, owns 95% of the equity in a $1.5 million home, owns a Rolex submariner worth $40,000.00, etc.:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



**Re: August Image, LLC v. Charles A. Peralo**

Summarize

**CP** Charles Peralo <charles@peralo.com>
To  Larissa Benyard
Cc  Daniel DeSouza

☺   Reply   Reply All   → Forward

Tue 3/17/2026 5:33 PM

ⓘ If there are problems with how this message is displayed, click here to view it in a web browser.

Also, I'll just make this easier.

Assets

21 Scarborough circle rock hill NY. House is worth 1.5 million dollars from most recent appraisal and I own 95% equity in it.
2022 Audi A5, nearly paid off.
Rolex submariner worth $40,000 from 2005.

Earnings
Call it $250,000 per year off TikTok, YouTube and Snapchat. You didn't do research on me enough to know I'm big on YouTube.

But... You will get NONE OF IT!!!

Why?

You're a parasitic firm and clawing to this $200,000 case you won, but I found no record of it online. You also didn't even from what I'm seeing cite that in the initial email docs like you said. Finally, everything online says you guys just spam people with lawsuits, hope for settlements and never go to court, unless your opponents don't show up.

Piss off you idiots!

4.      Defendant likewise sent undersigned counsel a March 17, 2026 e-mail where he boasts that he pays a "team of guys in Brooklyn $2,000 a month" to make puppet shows with hopes of reaching "tens of millions," that he has a "kids book series launching called Princess Galilea, that he makes "about $25,000 a month" from his social media channels, that he "co-owns a restaurant," that he "just hired a patent attorney," etc.:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



My kinder email



Charles Peralo <charles@peralo.com>
To  ✓ Daniel DeSouza
Cc  ● Larissa Benyard

Tue 3/17/2026 7:46 PM

ⓘ You replied to this message on 3/17/2026 8:04 PM.

Danny Boy and Larissa whatever your last name is,

I'm going to send one last email to you guys and this will be the last response you ever get from me, but I hope you really think for a moment when reading.

I was a dick today!

I don't deny it, but here's why I did it...

https://www.tiktok.com/@puppeverse?_r=1&_t=ZP-94mE6O9HhnC

Here's a puppet show I created that's big on Facebook and growing on TikTok. It's silly, but every month, I pay a team of guys in Brooklyn $2,000 a month to make them and it's an investment, hoping we reach tens of millions.

I also have a kids book series launching called Princess Galilea, where I pay illustrators who work very hard to do a children's science series.

I also own co-own a restaurant which my partner is working to turn into a chain and yeah, I invest to start that.

Plus, I just hired a patent attorney, who is an actual lawyer for a new idea.

I find ideas I have and pay people, with the money I earn operating four TikTok/youtube channels which collectively reach 7.5 million viewers a day and make about $25,000 a month in revenue.

I do this, because every dollar I get goes to an idea that hires people, entertains people and will make the world a better place.

You... You're a firm of parasites, that go after people fighting for settlements, have no big wins in court and spam people to try and get checks.

5.      The notion that Defendant cannot afford an attorney, when he is simultaneously (and continuously) boasting about his wealth and all the "lawyers" he knows who are willing to represent him in this case, is somewhat suspect.

6.      As the Court knows, "[r]equests for the appointment of counsel in civil matters, including those on appeal, are governed by 28 U.S.C. § 1915, which provides that '[t]he court may request an attorney to represent any person unable to afford counsel.' 28 U.S.C. § 1915(e)(1). Courts have construed this provision to authorize the appointment of counsel where extreme or exceptional circumstances are present." Latimer v. Regency Palms Apartment, No. 8:21-cv-1200-

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

WFJ-CPT, 2021 U.S. Dist. LEXIS 261969, at *2 (M.D. Fla. Nov. 1, 2021) .

7.      Notably, Defendant "supports his indigency claim with nothing more than his say-so…. He attaches no documents to support this claim; rather, he repeats the substance of his claim by including letters from purported medical professionals who have treated him in the past. Because none of these documents answer the question central to indigency—whether Plaintiff has enough money to hire an attorney—he fails to show eligibility for referral to the volunteer attorney program." Evans v. Thompson, No. 26-cv-24682, 2026 U.S. Dist. LEXIS 163416, at *3 (S.D. Fla. July 23, 2026); see also De Jesus v. Colvin, No. 16-23301-CIV, 2017 U.S. Dist. LEXIS 224204 (S.D. Fla. May 11, 2017) (denying referral request where plaintiff provided insufficient information for the Court to make an indigency finding and it "remain[ed] unclear whether she [was] unable to afford a lawyer"); Gonzalez v. Biden, No. 26-CV-60641-STRAUSS, 2026 U.S. Dist. LEXIS 47755, at *3 (S.D. Fla. Mar. 9, 2026) (denying motion for referral to Volunteer Attorney Program where party represented he earns $25,000 per month from employment and owns substantial assets).

8.      Further, Defendant's antics and conduct are hardly what the Volunteer Attorney Program was designed to protect.  As the Court knows from the multitude of e-mails referenced in Plaintiff's Motion for Default Judgment, Defendant has launched a months-long campaign of harassing/vile messages throughout this lawsuit, continued to post defamatory videos notwithstanding being served with this lawsuit, and generally acted in an undignified/unprofessional manner throughout.[1]

9.      The issues here are plainly not so novel or complex that appointment of counsel is

---

[1]      Defendant's lack of professionalism/decorum generally knows no bounds.  For example, in a March 17, 2026 e-mail, Defendant proclaimed: "If you have a daughter and she went on OnlyFans to get gang banged by 50 dudes Bonnie Blue style, that'd be more dignified than your sad excuse for a career."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

needed.  Defendant is certainly free to retain his own counsel, but the Court should not allow him to use the limited resources of the Volunteer Attorney Program to do so.

10.     Finally, Defendant's request for referral to the Volunteer Attorney Program unfortunately appears to be manufactured/orchestrated by an attorney (Griffin Klema, Esq.) who directly solicited Defendant in violation of Florida Rule of Professional Conduct 4-7.18.

11.     Mr. Klema has previously 'volunteered' to represent litigants against undersigned counsel's clients when, in reality, he enters into contingency fee agreements therewith in hopes of recovering a fee award.  His first time doing so was in Affordable Aerial Photography, Inc. v. John Abdelsayed et al., Case No. 9:21-cv-81331 (S.D. Fla.), a case in which Mr. Klema's fee motion (wherein he was seeking > $200,000 in fees) was denied, his motion for reconsideration was denied, he appealed to the Eleventh Circuit (which affirmed the denial), and he filed a petition for certiorari review at the United States Supreme Court (which was denied).

12.     More recently, he directly (post-trial and after their counsel had withdrawn) solicited the defendants in Prepared Food Photos, Inc. v. Nofal, LLC et al., Case No. 2:22-cv-00642 (E.D. Wis.).  He has openly admitted his personal animus toward undersigned counsel (presumably due to the denial of his fee motion as explained above) and the fact that he 'trolls' PACER for cases filed by undersigned counsel's law firm so that he can solicit defendants (presumably to exact some form of revenge).[2]

---

[2]     Mr. Klema has appeared in a number of undersigned counsel's cases, the majority of which he presumably solicited the defendants therein to represent them.  See, e.g. Affordable Aerial Photography, Inc. v. Tony Taylor et al., Case No. 2:21-cv-14309 (S.D. Fla.); Affordable Aerial Photography, Inc. v. Sync RFID Inc, Case No. 2:23-cv-14379 (S.D. Fla.); Science Photo Library Limited v. Bell Performance, Inc., Case No. 6:23-cv-02302 (M.D. Fla.); Harrington v. Island Villa Rental Properties Incorporated, Case No. 4:23-cv-10080 (S.D. Fla.); Harrington v. Baby Gizmo Company, Case No. 1:23-cv-05306 (S.D. Fla.); Prepared Food Photos, Inc. v. 8Coupons, Inc., Case No. 1:23-cv-02146 (S.D.N.Y.).  While it is *theoretically* possible that Mr. Klema was contacted by the defendants in these cases (and others), it is far more likely that his modus operandi is simply to solicit defendants so that he may step into cases adverse to undersigned counsel.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

13.     On July 29, 2026, Defendant forwarded undersigned counsel a July 29, 2026 e-mail from Mr. Klema where he states: "I was reading a post on Reason.com and lo and behold, my favorite opposing counsel was featured!"  Mr. Klema then passes along his thoughts, including that the Supreme Court denied Mr. Klema's petition for certiorari not on the merits thereof but rather because undersigned counsel (whose client did not ask for certiorari review) "is not up to snuff": ("In my personal opinion, he didn't 'successfully' oppose my client's SCOTUS cert petition... his response was trash, and the justices will reject a case if they think one of the litigants (i.e. lawyers) is not up to snuff.").

14.     Notably, the next day (July 30, 2026), Defendant e-mailed undersigned counsel to request a "meet and confer" with respect to a prospective motion to set aside the Clerk's default, presumably at the direction/guidance of Mr. Klema.

15.     Again, Defendant is free to retain counsel of his own choosing.  If he desires for Mr. Klema to represent him in this matter (notwithstanding Mr. Klema's apparently-clouded judgment/personal animus/violation of the Rules of Professional Conduct), he can do so outside of the Volunteer Attorney Program.

16.     There is simply no reason presented by the Motion for this Court to entertain Defendant's request for referral to the Volunteer Attorney Program so that Mr. Klema can magically appear and present himself as a 'volunteer' rather than having an axe to grind.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order denying the Motion and for such further relief as the Court deems proper.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Dated: August 1, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on August 1, 2026, the foregoing document was served via First-Class US Mail and FedEx to Charles Peralo, 21 Scarborough Circle, Rock Hill, NY 12775, and via email to Charles A. Peralo (charles@peralo.com).

/s/ Daniel DeSouza
Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228