**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:26-cv-60910-DSL**

COPYCAT LEGAL PLLC, and
DANIEL DESOUZA,

Plaintiffs,

v.

CHARLES A. PERALO,

Defendant.

---

**GRIFFIN C. KLEMA'S MOTION FOR LIMITED INTERVENTION TO FILE RESPONSE TO OR ALTERNATIVELY TO STRIKE PLAINTIFF DANIEL DESOUZA'S OPPOSITION [DE 41]**

Attorney Griffin C. Klema, on his own behalf, pursuant to the Court's inherent authority and Rule 24, moves to intervene and file a short response to the wild, unfounded, and demonstrably false assertions by pro se plaintiff-attorney Daniel DeSouza, leveled against the undersigned, or alternatively to strike those statements. The undersigned has no remedy for the harm to his reputational interest, and thus Griffin Klema hereby seeks to intervene in this action, both as of right under Fed. R. Civ. P. 24(a) and permissively under Fed. R. Civ. P. 24(b), for the limited purposes of moving to strike the irrelevant, false, and impertinent allegations made against him by plaintiff DeSouza and requesting a show cause order.

## INTRODUCTION

This motion is not sought lightly, nor is it the first of its kind. In fact, the Southern District of Florida has previously taken action in a similar circumstance where two

lawyers—including a former U.S. District Judge—leveled false and defamatory statements against a non-party lawyer and professor, Alan Dershowitz, in court filings in this District. Order, [DE 324], Doe v. United States, no. 08-cv-80736-KAM (S.D. Fla. Apr. 7, 2015). However, because the court struck the false statements as impertinent, the district court there denied the motion to intervene as moot. Id. at *6. The lawyers' false statements about Dershowitz later caused them to admit that their statements were a "mistake" when Dershowitz sued them for defamation. See Intervenor's Mem. of Law, [DE 364 at 4-5] Giuffre v. Maxwell, no. 15-cv-7433 (S.D.N.Y. Aug. 11, 206) (reiterating that the attorneys' statements in the first suit "were filed publicly without any evidence to support them and without affording Professor Dershowitz an opportunity to dispute them", and recounting the ensuing litigation between Dershowitz and those attorneys for defamation in Edwards v. Dershowitz, no. CACE-15-72 (Cir. Ct., Broward Cnty., Fla.)). A third action in which those same statements were again repeated by those same lawyers then caused Dershowitz to once again intervene to clear his name, id., and which was ultimately affirmed by the Second Circuit, Brown v. Maxwell, 929 F.3d 41, 51 (2d Cir. 2019) (affirming intervention and reversing the district court's denial of unsealing documents that proved the falsity of the lawyers' repeated statements).

While the highly publicized nature of the Jeffrey Epstein saga is not on par with the false statements made by plaintiff DeSouza here, the same principles apply. Fairness requires that the undersigned be allowed to intervene for the modest and limited purpose of filing a response to plaintiff DeSouza's false statements about Klema, thus providing a contemporaneous and co-located opposition to a permanent and public judicial record.

Doing so would obviate the need for a possible lawsuit by the undersigned against plaintiff DeSouza respecting his false statements. Alternatively, the statements should be stricken under Rule 12 or the Court stating that they lack credibility.

## PROCEDURAL HISTORY & FACTS

Defendant Peralo filed a motion seeking referral to the volunteer attorney program, which this District provides to litigants that have difficulty affording an attorney. [DE 38]. Plaintiff DeSouza then filed a 7-page opposition, the last two pages of which were dedicated exclusively to casting aspersions about the undersigned, and having nothing to do with the issue presented by defendant Peralo's motion. [DE 41]. His response appears motivated as retaliation for the disclosure of truthful, but negative, information about plaintiff DeSouza that would support Peralo's defense.

Specifically, plaintiff DeSouza made multiple unequivocal and false statements about the undersigned while omitting the damaging portions of the email revealing plaintiff DeSouza's dishonest conduct before various courts. The specifics of these statements are more fully articulated in the proposed response and supporting declaration. The proposed response seeks to meet the substance of DeSouza's personal attacks and demonstrate that they are false. Indeed, some of his statements were previously proven false to plaintiff DeSouza, and therefore his re-assertion of similar statements with knowledge of their falsity should not be left unaddressed. The Court should grant leave to file the proposed statement and supporting declaration.

## ARGUMENT

A district court has the inherent "supervisory power over its own records and files"

which includes the power to ensure that its records are not "used to gratify private spite" nor to "permit their files to serve as reservoirs of libelous statements." Cf. Nixon v. Warner Commcn's, Inc., 435 U.S. 589, 598 (1978) (discussing inherent power for purposes of public access to judicial records). That power extends to sealing, unsealing, and striking filings. See id.

"District courts may also seek to counteract the effect of defamatory statements [in court filings] by explaining on the record that the statements appear to lack credibility." Brown v. Maxwell, 929 F.3d 41, 51 (2d Cir. 2019). Aside from inherent power, Nixon, 435 U.S. at 598, a district court may also proceed under Rule 12(f) to "strike such material from the filings on the grounds that it is 'redundant, immaterial, impertinent, or scandalous.'" Brown, 929 F.3d at 51; see also Order, [DE 324 at 6], Doe v. United States, no. 08-cv-80736-KAM (S.D. Fla. Apr. 7, 2015) (striking statements made by the plaintiff which the court found were "impertinent"). That is not limited to pleadings as such. See id. And under the common law, where matters are stricken from the record, "immaterial and impertinent statements are (at least nominally) actionable, particularly when they are 'so needlessly defamatory as to warrant the inference of express malice.'" Brown, 929 F.3d at 53 n.47 (applying New York law).

Assuming a procedural basis is needed beyond the Court's inherent power, it may permit the undersigned to intervene for the purpose of filing the proposed response pursuant to Rule 24(b). Permissive intervention is a "flexible" standard. EEOC v. Nat'l Children's Center, Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("we have eschewed strict readings of the phrase 'claim or defense,' allowing intervention even in 'situations where

the existence of any nominate 'claim' or 'defense' is difficult to find'").

Intervention as of right is governed by Federal Rule of Civil Procedure 24(a). It requires a district court to allow anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(2). Those interests include, as here, injury to reputation. Sackman v. Liggett Grp., Inc., 167 F.R.D. 6, 20-21 (E.D.N.Y. 1996) (citing Penthouse Int'l, Ltd. v. Playboy Enters., Inc., 663 F.2d 371, 373, 392 (2d Cir. 1981)). While an intervenor has a burden to show that the interest cannot be adequately represented by others, that burden is minimal. Georgia v. U.S. Army Corps of Engineers, 302 F.3d 1242, 1255 (11th Cir. 2002). Intervention is wholly appropriate where the non-party's reputation is at issue. See Krauser v. Evolution Holdings, Inc., 975 F.Supp. 2d 1247 (S.D. Fla. 2013) (non-party had standing, based on his reputational interest, to intervene and challenge his status as inventor in a patent application). The common law recognizes that a person's reputation is possibly their "most valuable asset," and vindicating that reputation "is of paramount importance," and achieving that vindication through a court ruling which "establishe[s] the falsity of the defamation—and nothing more—[can be] vindication enough." Id. at 1260. Permissive intervention would also be appropriate under Rule 24(b). Walker v. Jim Dandy Co., 747 F.2d 1360, 1365 (11th Cir. 1984). Nothing about intervention would delay or unduly prejudice the rights of the existing parties.

Here, plaintiff DeSouza's two-page off-topic rant against the undersigned includes

multiple false statements. It is libel per se. Because the undersigned is not counsel of record in this case (and has in fact declined to represent Peralo), there is no other opportunity to meet the substance of those very serious, yet false, statements by plaintiff DeSouza.

For his part, and for reasons unclear, defendant Peralo has not taken action to defend himself in this case when he apparently has good defenses. See Def.'s Opp'n, [DE 44] (noting considerable questions about plaintiff DeSouza's claimed damages). Therefore Peralo doubtful will represent the interests of the undersigned at all. In his defense, Peralo does not need to disprove the statements plaintiff DeSouza made respecting attorney Klema. Therefore, Peralo will not "adequately represent" Klema's interest in addressing the libelous statements. Fed. R. Civ. P. 24(a)(2).

Additionally, the issues raised by this motion and proposed response bear on some of the issues in this suit: Whether Peralo's statements about DeSouza were false. As the proposed response and this very motion demonstrates, DeSouza has made false statements in connection with his legal representation of his copyright clients. Thus, the issues here involve "a common question of fact" as the underlying theories of defamation and what Peralo could have, though has not to date, raised as a defense: truth. Fed. R. Civ. P. 24(b)(1)(B). The affidavit demonstrates that many recipients of CopyCat Legal's letters have regarded them as a "scam."

There is a further basis supporting either intervention or the Court's exercise of its inherent powers. While the undersigned is not expert in defamation cases, it appears plaintiff DeSouza's statements may enjoy immunity from suit pursuant to the litigation privilege—perhaps just as defendant Peralo's statements might. See Levin, Middlebrooks,

Mabie, Thomas, Mayes & Mitchell, PA v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla. 1994) ("Traditionally, defamatory statements made in the course of judicial proceedings are absolutely privileged, no matter how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry.").[1] And yet there may remain an actionable tort for DeSouza's libelous statements. Brown, 929 F.3d at 53 n.47 ("to qualify for the [litigation] privilege, a statement must be 'material and pertinent to the questions involved'") (citing New York law). Consequently, the undersigned is likely without any meaningful opportunity to prove the statements are false other than being allowed to file a response to them in this case.

Even if the Court or others (properly) view plaintiff DeSouza's statements as unhinged speculation, the undersigned would *still* be prejudiced by allowing those statements to exist in a public judicial record. That is because such filings are made even more accessible than simply residing in the government's servers on PACER behind a paywall—they often exist in multiple other places online freely available, such as on The Free Law Project's RECAP website, www.courtlistener.com. That's true for plaintiff DeSouza's filing here.[2] Without the proposed response or a statement from the Court that plaintiff DeSouza's "statements appear to lack credibility," or the statements being

---

[1] However, for the privilege to attach, DeSouza's statement would need to have been for the purposes of achieving some object of the litigation and also that it has some logical relation to the suit. His statements don't. Even assuming DeSouza's statements are actionable as libelous, the undersigned would likely not, as a practical matter, pursue plaintiff DeSouza for damages for the same reason his pro se lawsuit against defendant Peralo is misguided: the difficulty of proving and the measure of damages to warrant a lawsuit, let alone the effort and expense needed to do so. The appropriate remedy is the proposed response.

[2] https://www.courtlistener.com/docket/73123885/desouza-v-peralo (showing DE 41 being available to see and download).

stricken, they are left to be interpreted in a vacuum, without either context or response which the adversarial system would otherwise afford the undersigned if he were counsel of record.

These concerns are especially heightened in the age of AI, where artificial intelligence agents use the information contained in judicial filings (that the industry regards as "high-quality") to inform the responses AI agents provide to users,[3] and the public is increasingly utilizing AI to locate information about persons and obtain AI's "opinions" about the individuals, including the competence, reputation, and knowledge of individual lawyers.[4] AI agents are not humans, and doubtful are able to understand or fully appreciate plaintiff DeSouza's filing when he is acting not as lawyer but in his individual capacity, leveling demonstrably baseless personal attacks on another attorney and possibly negatively affecting Klema's reputation in this court and the public at large. A response to them filed in this action, or a court order finding the statements lack credibility, or outright striking them as impertinent, would at least provide the public and AI agents with a document that cross-references and meets the assertions with countervailing evidence to prove their falsity.

Notably, the kind of attacks in plaintiff DeSouza's filing also not isolated either in

---

[3] See LEO GAO AT AL., THE PILE: AN 800GB DATASET OF DIVERSE TEXT FOR LANGUAGE MODELING (Dec. 31, 2020) (research paper discussing how AI agents can rely on, among other "high-quality" sources, "the FreeLaw Project"), the first page of which is available at https://storage.courtlistener.com/recap/gov.uscourts.cand.461656/gov.uscourts.cand.461656.212.14.pdf.

[4] The affidavit of Klema includes testimony regarding prospective clients that had identified the undersigned through prompts to AI agents, including ChatGPT, which suggested Klema Law and Griffin Klema as a possible attorney for that person's needs.

number or target. Counsel opposite plaintiff DeSouza seem to frequently be on the receiving end of his *ad hominem* attacks and outright false statements in court filings and elsewhere. At least five different attorneys have raised this behavior of plaintiff DeSouza, and there are likely many more.[5] E.g., Def.'s Reply, Affordable Aerial Photography, Inc. v. Property Matters USA, LLC, no. 22-cv-14296 (S.D. Fla. Jan. 17, 2023) [ECF 31 at 5] (plaintiff DeSouza's filing contained "ad hominem attacks on" defense counsel); Def,'s Response, Eclipse Sportswire v. The Sports Mall, LLC, no. 8:22-cv-1433-KKM-NHA (M.D. Fla. Nov. 22, 2024) ("sharp rhetoric" and "irrelevant ad hominem attacks at Defendant … and its counsel"); Appellant's Reply Br., Salmon v. Nutra Pharam Corp., no. 16-5122 (10th Cir. Jan. 24, 2017) [ECF 01019755313 at 8-9) (plaintiff DeSouza "resorted to spontaneous personal attacks" against counsel); Def.'s Reply, Sadowski v. The Biltmore Hotel LP, no. 1:24-cv-23583 (S.D. Fla. Oct. 28, 2024) ("casting strikable aspersions on the skills of the Biltmore's counsel"); Aff. of Klema, Broden v. Private Bus. Jets, LLC, no. 24-cv-10880 (D.Mass. Mar. 22, 2025) [ECF 41-1 at ¶ 28] (observing that plaintiff DeSouza's "prior oral representation" was false and noting the resulting *ad hominem* attacks); Def.'s Reply, Harrington v. Island Villa Rental Props., Inc., no. 23-cv-10080 (S.D. Fla. Feb. 23, 2024) [ECF 34 at 7-8] (noting various demonstrably false statements of plaintiff DeSouza as well as *ad hominem* attacks). But in each of those cases, the lawyers were able to file, as counsel of record, a response to plaintiff DeSouza's statements. Not so here for the undersigned. The Court would not abuse its discretion in granting intervention, striking the statements

[5] These are court filings that are known based on those available on courtlistener.com. There are likely more such opposing counsel voicing such issues, but these results are those limited to what is searchable on The Free Law Project RECAP Archive.

of DeSouza, or announcing that they lack credibility.

**CONCLUSION**

Plaintiff DeSouza's conduct across multiple cases and opponents demonstrates a pattern which he repeats here, but without the opportunity of his current target (the undersigned) having any way to meaningfully meet the substance of those false statements. Why plaintiff DeSouza routinely engages in such conduct with his opposing counsel (and perhaps unrepresented targets of his firm's demand letters) is unclear. But it is improper, unprofessional, and ought to cease.

Accordingly, the Court should exercise its inherent authority to allow non-party Griffin C. Klema to file a response demonstrating the falsity of plaintiff DeSouza's written statements in preservation of his own reputation, or grant intervention to do so. If plaintiff DeSouza makes further irrelevant and libelous statements of Klema, the undersigned should be afforded all reasonable further opportunities to respond in his own defense.

**WHEREFORE**, non-party Griffin C. Klema, requests that the Court:

(a) grant this motion;

(b) allow Klema to intervene pursuant to Rule 24 for the purpose of filing the proposed response or exercise the Court's inherent authority over its files to grant Klema leave to file his proposed response;

(c) alternatively to granting intervention, strike plaintiff DeSouza's statements as impertinent pursuant to Rule 12(f), or, at a minimum find that they appear to lack credibility;

(d) consider, pursuant to Rule 11(c)(3), entering an order to plaintiff DeSouza to

show cause why his conduct has not violated Rule 11(b);

(e) provide Klema with all further opportunities to respond to any further statements by plaintiff DeSouza; and

(f) for such other relief as the Court deems just and proper.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292

## CERTIFICATE OF COUNSEL

The undersigned certifies that he conferred with plaintiffs CopyCat Legal and Daniel DeSouza in a good faith effort to seek his agreement to either voluntarily withdraw his filing, renounce his statements, or agree to the filing of this motion, but neither DeSouza nor CopyCat Legal has agreed to any of that relief. I further certify that I conferred with defendant Charles Peralo respecting his opposition to the relief sought in this motion, and am authorized to represent that he does not oppose the relief sought.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY I hereby certify that a true and correct copy of the foregoing was served by email, pursuant to Fed. R. Civ. P. 5(b)(2) and Local Rules 5.1(e) and 5.2(a) on August 18, 2026, on all counsel or parties of record.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.