**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:26-cv-60910-DSL**

COPYCAT LEGAL PLLC, and
DANIEL DESOUZA,

Plaintiffs,

v.

CHARLES A. PERALO,

Defendant.

---

**[PROPOSED] RESPONSE OF GRIFFIN C. KLEMA TO FALSE STATEMENTS BY PLAINTIFF DANIEL DESOUZA**

Non-party Griffin C. Klema hereby responds to pro se plaintiff Daniel DeSouza's multiple accusations of him in his filing opposing defendant Peralo's request for volunteer counsel. [DE 41]. His assertions are false and were made either with knowledge of their falsity or with reckless disregard for the truth.

In this lawsuit, pro se plaintiff Daniel DeSouza seeks to silence a vocal critic of him and his firm, CopyCat Legal, and their copyright trolling efforts.[1] In response to two videos, they filed this suit against Charles Peralo predicated on vague theories of defamation, deceptive trade practices (FDUTPA § 501.201, Fla. Stat.), and name image and likeness (NIL § 540.08, Fla. Stat.). Am. Compl. [DE 6]. For reasons unclear, plaintiff DeSouza embarked on a misguided, speculative, and false attack of non-party attorney Griffin

[1] The first video is available here: https://www.tiktok.com/t/ZP8twwLkS/ and the second is available here: https://www.tiktok.com/t/ZP8twtM8c/.

Klema. As outlined herein, plaintiff DeSouza's statements are demonstrably false. There is also no evidence that DeSouza could show that could plausibly support his statements when he made them. Stated differently, DeSouza has made libelous statements of another attorney (who is not counsel for any party) in his personal lawsuit against a target of his copyright trolling enterprise. Those statements also run afoul of Rule 11(b)(3).

The following table lays out the statements by plaintiff DeSouza with the corresponding response demonstrating the statement's falsity. Each of the below responses are supported by the declaration of Griffin Klema, submitted herewith, as well as a declaration filed in a prior action, discussed *infra* which proves the falsity of the statements as well as plaintiff DeSouza's knowledge of his statements' falsity when he made them.

| **DeSouza Statement** | **Klema Response** |
|---|---|
| "attorney (Griffin Klema, Esq.) [] directly solicited Defendant in violation of Florida Rule of Professional Conduct 4-7.18." | False. Klema declined representation of Peralo. |
| "he enters into contingency fee agreements therewith in hopes of recovering a fee award." | False. Klema's clients have engaged him primarily on a cash-paying basis, paying either flat fee or hourly for representation. Rarely does his firm offer contingency representation. The firm does occasionally offer alternative fee representation in certain cases based on what the firm believes is morally right and just. |

| DeSouza Statement | Klema Response |
|---|---|
| "Affordable Aerial Photography, Inc. v. John Abdelsayed et al., Case No. 9:21-cv-81331 (S.D. Fla.), [is] a case in which Mr. Klema's fee motion (wherein he was seeking > $200,000 in fees) was denied" | Misleading as omitting material facts. Mr. DeSouza's client was shown to have made false statements to the court in that case, and, shortly after being exposed for those false statements, among other serious problems with the plaintiff's copyright claim. It began to offer lowball offers in settlement of the defendants' fees (barely a five figure sum) and when its unrealistic settlement offer was rejected, chose to voluntarily dismiss its action and voluntarily paid the defendants' thousands of dollars in court costs. The defendants argued they were the prevailing parties, but the district court disagreed. Through an appeal and petition for writ of certiorari, that case ultimately led to Chief Justice John Roberts' footnote in <u>Lackey v. Stinnie</u> respecting when defendants prevail. |
| "he directly (post-trial and after their counsel had withdrawn) solicited the defendants in <u>Prepared Food Photos, Inc. v. Nofal, LLC</u> et al., Case No. 2:22-cv-00642 (E.D. Wis.)" | False. In DeSouza's second copyright trial that yielded a mere $200 in damages, prior defense counsel withdrew, and Klema agreed to continue in the representation to defend against CopyCat Legal's claim to attorney's fees. As further explained below, DeSouza has been on notice of facts refuting this statement since at least June 27, 2025. |
| "He has openly admitted his personal animus toward undersigned counsel" | False. While DeSouza's unprofessional conduct and propensity to make false statements makes him a disagreeable lawyer to work with as an adversary, Klema holds no *personal* animus towards DeSouza. |

| DeSouza Statement | Klema Response |
|---|---|
| "the fact that he 'trolls' PACER for cases filed by undersigned counsel's law firm" | False. While Klema has documented the extensive litigation by CopyCat Legal across the majority of U.S. District Courts (it has filed, on average, at least one lawsuit every week for years), Klema doesn't monitor or "troll" court records in search of cases adverse to DeSouza. As further explained below, DeSouza has been on notice of facts refuting this statement since at least June 27, 2025. |
| "he presumably solicited the defendants therein to represent them ... it is far more likely that his modus operandi is simply to solicit defendants so that he may step into cases adverse to undersigned counsel" | False. Each of the clients in the six cases identified by Mr. DeSouza were cold-calls to Klema Law, PL, and each client agreed to pay an hourly fee for representation. As further explained below, DeSouza has been on notice of facts refuting this statement since at least June 27, 2025. |
| "solicit[s] defendants (presumably to exact some form of revenge)" | False, for the reasons already stated. |
| "Defendant e-mailed undersigned counsel to request a "meet and confer" with respect to a prospective motion to set aside the Clerk's default, presumably at the direction/guidance of Mr. Klema." | False. Klema did not say anything to Peralo respecting a meet and confer and did not direct or guide Peralo's filing of that motion. |
| "Mr. Klema's apparently-clouded judgment/personal animus/violation of the Rules of Professional Conduct" | False, for the reasons already stated. |
| "so that Mr. Klema can magically appear and present himself as a 'volunteer' rather than having an axe to grind" | False. Klema declined representation of Peralo. |

More importantly, multiple of the above false assertions by plaintiff DeSouza were directly refuted in a prior case which similarly necessitated sworn statements from the undersigned after the unprompted personal attack. Specifically, plaintiff DeSouza authored

and filed an opposition memorandum in Prepared Food Photos, Inc. v. Nofal, LLC in which he made the following statements, substantially similar to many he repeats here:

- "Mr. Klema, regularly solicits defendants sued by Plaintiff and/or undersigned counsel."
- "the ***ethically 'questionable'*** tactics of Mr. Klema in directly soliciting Jaber" (emphasis in original)
- "Mr. Klema's modus operandi [i]s he regularly monitors PACER for filings in undersigned counsel's cases and solicits defendants to represent them"
- "Mr. Klema's proclivity for 'trolling' PACER to solicit new clients"
- arguing there was no explanation for "why Jaber ignored [his prior attorney], why Jaber did not himself seek new counsel upon [his lawyer's] withdrawal (rather than wait around to be solicited by Mr. Klema)"

Pl.'s Opp'n, [DE 77], Prepared Food Photos, Inc. v. Nofal, LLC, no. 22-cv-642 (E.D. Wis. June 24, 2025). Those irrelevant and baseless assertions then prompted the undersigned to submit an extensive declaration explaining his engagement in that case, disprove plaintiff DeSouza's generalizations about my practice, and how that particular case came to my attention. Plaintiff DeSouza has had knowledge of the following facts articulated in my declaration in that case, filed more than a year ago:

- The vast majority of my clients have come from referrals and cold-calls.
- Occasionally I have offered ... brief pro bono assistance to the many calls from distressed recipients of threatening demand letters, helping them navigate a difficult and risky legal claim of copyright infringement.
- a pro se defendant (opposing another of CopyCat Legal's client's claim of copyright infringement) sent me an email alerting me to the existence of this lawsuit.
- I thought the case noteworthy because it is one of only a handful of cases I am aware of that have been litigated through to a verdict respecting a claim of copyright infringement for the presence of a single photograph on a website or social media post.
- I was confident the plaintiff's demand was excessive, [and] helping the defendants avoid possible fees liability appealed to me as the moral and just thing to do.

- I spoke with the defendants' [prior] counsel, but who noted he had difficulty contacting them, and could not make the introduction himself.
- I called the Florida Bar Ethics Hotline to discuss the propriety of my appearance in this action.
- There was no possibility of financial benefit to me from helping the defendants oppose plaintiff's fees motion when I initially offered my representation.
- helping the defendants avoid possible fees liability appealed to me as the moral and just thing to do.

Decl. of Klema, [DE 78-2], Prepared Food Photos, Inc. v. Nofal, LLC, no. 22-cv-642 (E.D. Wis. June 27, 2025).[2]

Fundamentally, plaintiff DeSouza appears to have a hard time accepting the fact that the undersigned is not driven by money and, that as part of my decisionmaking in accepting clients, I make a moral judgment on whether the client or case is appropriate, as well as considerations of the justness of the cause (among other factors, like my availability). Ultimately, plaintiff Daniel DeSouza's multiple statements respecting me and my practice are demonstrably false, as plaintiff DeSouza knows. Given the declaration filed in Prepared Food Photos, Inc. v. Nofal, he was aware of the falsity of many of his statements when he made them.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard

[2] Available at https://storage.courtlistener.com/recap/gov.uscourts.wied.99393/gov.uscourts.wied.99393.78.2.pdf

Tampa, FL 33606
Telephone: 202-713-5292