IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-60910-DSL

COPYCAT LEGAL PLLC and DANIEL DESOUZA,

Plaintiffs,

v.

CHARLES A. PERALO,

Defendant.

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO GRIFFIN C. KLEMA'S MOTION FOR LIMITED INTERVENTION**

Plaintiffs CopyCat Legal PLLC and Daniel DeSouza (collectively, the "Plaintiffs") hereby file this memorandum in opposition to non-party Griffin C. Klema's ("Mr. Klema") Motion for Limited Intervention to File Response to or Alternatively to Strike Plaintiff Daniel DeSouza's Opposition (the "Motion to Intervene") [D.E. 51], and state as follows:

1. Mr. Klema, who is not a party to this action, seeks to invoke Fed. R. Civ. P. 24 to intervene in this action to respond to (or ask the Court to strike) statements made in Plaintiffs' Memorandum in Opposition to Defendant's Motion for Referral to Volunteer Attorney Program (the "Opposition to Motion for Referral") [D.E. 41]. The Court should deny the request.

2. As a threshold matter, Mr. Klema's request to file a response to the Opposition to Motion for Referral is essentially moot given that he attaches the proposed response [D.E. 51-1] and a declaration [51-2] to the Motion to Intervene (rather than wait for the Court to grant any relief). In other words, he has already filed that which the Motion to Intervene seeks 'permission' to file, ensuring that his response is part of the public record irrespective of whether the Court

grants his Motion to Intervene.

3. Beyond the threshold issue of mootness, the Motion to Intervene is plainly improper under either Fed. R. Civ. P. 24(a) (intervention of right) or 24(b) (permissive intervention).

4. Under Fed. R. Civ. P. 24(a)(2),[1] the Court must permit intervention to anyone who "***claims an interest relating to the property or transaction that is the subject of the action***, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[2]

5. No such interest exists here. As the Court knows, Plaintiffs sued defendant Charles A. Peralo ("Defendant") for defamation and other claims arising from a series of videos, internet postings, and other conduct directed toward Plaintiffs. Mr. Klema does not represent Defendant and has no interest in the outcome of the dispute between Plaintiffs and Defendant.

6. Mr. Klema asserts reputational harm as his claimed interest, but the cases he cites do not support his position that intervention should be allowed. For example, in Penthouse Int'l, Ltd. v. Playboy Enters., Inc., 663 F.2d 371 (2d Cir. 1981), an attorney was allowed to intervene to challenge a judicial order he asserted created a conflict of interest with the client he represented in those proceedings. He likewise cites Krauser v. Evollution IP Holdings, Inc., 975 F. Supp. 2d 1247 (S.D. Fla. 2013) for the proposition that "***non-party had standing***, based on his reputational interest, to intervene and challenge his status as inventor in a patent application."[3] But Krauser did not involve a non-party intervening in an action… rather, Krauser (who claimed to suffer reputational harm) was the ***plaintiff*** who initiated the lawsuit and relied on a federal statute (35 U.S.C. § 256) for standing to bring his claims. To undersigned counsel's knowledge, Krauser did

[1] Fed. R. Civ. P. 24(a)(1) is inapplicable here as Mr. Klema does not cite any federal statute giving him a right to intervene.

[2] Emphasis added.

[3] See Motion to Intervene, at p. 5 (emphasis added).



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

not involve non-party intervention.

7. As stated by the Second Circuit, "if a party is not 'necessary' under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)." Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006). Mr. Klema is clearly not a necessary party under Fed. R. Civ. P. 19(a) (and if he somehow was, his presence would destroy diversity jurisdiction). The pleadings in this action do not concern him, he is not alleged to have conspired with Defendant, and he was not mentioned until he himself contacted Defendant to volunteer information/commentary to him. While Mr. Klema may not appreciate being referenced in the Opposition to Motion for Referral, that does not somehow grant him an interest relating to the property or transaction that is the subject of this lawsuit (i.e., Defendant's conduct).

8. Mr. Klema likewise asserts that permissive intervention should be allowed under Fed. R. Civ. P. 24(b). That rule provides that a Court may allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." There are no common questions of law or fact here. This action does not concern Mr. Klema's reputation, truthfulness, etc. – rather, it solely concerns Defendant's conduct as directed against Plaintiffs.

9. As intervention is improper under either Rule 24(a)(2) or 24(b), the Motion to Intervene should be denied.

10. Further, the Court already entered an Order [D.E. 48] denying Defendant's Motion for Referral to Volunteer Attorney Program. That Order does not mention Mr. Klema or rely on anything other than Defendant's failure to establish indigency or that this case is especially complex.

11. Mr. Klema filed a 10-page motion to intervene which attaches a 6-page response and a 10-page declaration. He seeks to transform a straightforward action between Plaintiffs and


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Defendant into a sideshow of his own making. As set forth in the Opposition to Motion for Referral and made clear by the Motion to Intervene/its attachments, Mr. Klema is not particularly fond of undersigned counsel and reached out to Defendant to share such thoughts. He then apparently monitored the docket to see his name referenced in the Opposition to Motion for Referral, did not like such, and decided to interject.

12. The Court did not make any findings with respect to Mr. Klema, nor is his conduct (or lack thereof) the subject of this action. Mr. Klema had no involvement in this action until Defendant forwarded undersigned counsel Mr. Klema's e-mail to him. And now that the Motion for Referral has been denied without mention of/reference to Mr. Klema, Plaintiffs have no intention of speaking his name again in this action (other than being forced to respond to the Motion to Intervene).

13. Simply put, the Motion to Intervene is moot, procedurally improper, and wholly unconnected to the claims actually at issue in this lawsuit. It should therefore be denied.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order denying the Motion and for such further relief as the Court deems proper.

Dated: August 31, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on August 31, 2026, the foregoing document was served via U.S. Mail and FedEx to Charles A. Peralo, 21 Scarborough Circle, Rock Hill, NY 12775, and via e-mail to: charles@peralo.com.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228