**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:26-cv-60910-DSL**

COPYCAT LEGAL PLLC, and
DANIEL DESOUZA,

Plaintiffs,

v.

CHARLES A. PERALO,

Defendant.

---

**GRIFFIN C. KLEMA'S REPLY IN SUPPORT OF HIS MOTION FOR LIMITED INTERVENTION TO FILE RESPONSE TO OR ALTERNATIVELY TO STRIKE PLAINTIFF DANIEL DESOUZA'S OPPOSITION [DE 41]**

Attorney Griffin C. Klema, on his own behalf, responds to the opposition filed by plaintiff-attorney Daniel DeSouza [DE 52]. He principally attacks a portion of the motion's procedural basis (Rule 24 intervention) without addressing the substance of the issue or the alternative inherent power of the court. His opposition is unavailing for a number of reasons.

First, the motion is not moot, as there is still a variety of relief the Court could grant. Procedurally, it should grant the motion, just like the Court would dispose of a Rule 15 motion seeking leave to amend where the proposed pleading is attached. The filing of the proposed submission does not make it operative, though here its mere existence on the docket might address some of the concern respecting context and AI agents. But a formal court order would be conclusive. Additionally, the Court could also (or alternatively) enter an order finding plaintiff DeSouza's statements as impertinent or strike them. Or the Court

could exercise its Rule 11(c) authority. In his opposition, plaintiff DeSouza did not deny that his statements were false, nor did he provide any support to prove they could even plausibly be true. A show cause order could formally require such proof to test the veracity of his assertions given that he entirely shirked from the opportunity in his opposition memorandum. That he didn't is telling.

Second, plaintiff DeSouza has no response to the Court's inherent power identified by the Supreme Court in Nixon v. Warner Commcn's, Inc., 435 U.S. 589, 598 (1978) or to the Second Circuit's observations in Brown v. Maxwell, 929 F.3d 41, 51 (2d Cir. 2019). The Court is not limited to Rule 24 intervention.

Third, the matters raised in the motion are not of the undersigned's "own making," [DE 52 at 4], but rather the product of plaintiff DeSouza's irrelevant and extensive false statements that had no place in a federal court filing in the first place. Pointing out truthful matters to defendant Peralo in a private email (which would provide possible evidentiary support for his case) did not require plaintiff DeSouza to invest two pages' worth of toner on something wholly irrelevant and untruthful in opposition Peralo's motion for referral to the volunteer attorney program. It was not a mere "reference" as plaintiff DeSouza asserts, [DE 52 at 3], but a libelous rant spanning two pages. Ultimately, it's not a matter of disliking plaintiff DeSouza's statements, it's about his truthfulness.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard

Tampa, FL 33606
Telephone: 202-713-5292