**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-cv-60910-LEIBOWITZ/AUGUSTIN-BIRCH**

**COPYCAT LEGAL PLLC and**
**DANIEL DESOUZA**,

*Plaintiffs*,

*v.*

**CHARLES A. PERALO**,

*Defendant.*
_______________________________________/

**ORDER DENYING MOTION FOR FINAL DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court on Plaintiffs Daniel DeSouza ("DeSouza") and CopyCat Legal PLLC's ("CopyCat") (together, "Plaintiffs") Motion for Default Judgment (the "Motion") [ECF No. 32], filed July 20, 2026. After careful consideration, the Motion [**ECF No. 32**] is **DENIED** *without prejudice*.

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021) (citation omitted). Because "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons," *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014), a federal court sitting in Florida may properly exercise personal jurisdiction only if the requirements of (i) Florida's long-arm statute and (ii) the Due Process Clause are both satisfied. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citing *Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)).

The allegations in Plaintiffs' First Amended Complaint [ECF No. 6], even accepted as true, do not establish that the Due Process clause would be satisfied by the Court's exercise of personal

jurisdiction over Defendant. The Eleventh Circuit has said that in specific jurisdiction cases—which this appears to be—the Court must "examine whether (1) the plaintiff's claims 'arise out of or relate to' one of the defendant's contacts with the forum state; (2) the nonresident defendant 'purposefully availed' itself of the privilege of conducting activities within the forum state; and (3) the exercise of personal jurisdiction is in accordance with traditional notions of 'fair play and substantial justice.'" *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1275 (11th Cir. 2022) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)). The First Amended Complaint says only that "the exercise of personal jurisdiction over [Defendant] would not offend traditional notices of fair play and substantial justice," without further elaboration. [*Id.* ¶ 5]. It does not provide a sufficient basis for this Court to determine whether the Due Process Clause is satisfied. Nor does Plaintiffs' proposed order granting the Motion address the issue of jurisdiction. [ECF No. 32-2].

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 32**] is **DENIED** *without prejudice*. Plaintiffs may file a Second Amended Complaint and a Renewed Motion for Default Judgment **no later than September 18, 2026**. Failure to do so will result in dismissal of this action *without further notice*.

**DONE AND ORDERED** in the Southern District of Florida on September 9, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record
Charles A. Peralo
21 Scarborough Circle
Rock Hill, NY 12775