**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-cv-60910-LEIBOWITZ/AUGUSTIN-BIRCH**

**COPYCAT LEGAL PLLC and**
**DANIEL DESOUZA**,

*Plaintiffs*,

*v.*

**CHARLES A. PERALO**,

*Defendant.*
_________________________________________/

**ORDER DENYING MOTION TO SET ASIDE CLERK'S DEFAULT**

**THIS CAUSE** is before the Court on *pro se* Defendant Charles A. Peralo's ("Peralo" or "Defendant") Motion to Set Aside Clerk's Default [ECF No. 37], filed July 31, 2026. Courts in this Circuit adhere to a "strong policy of determining cases on their merits," so when a defaulted party has appeared, entry of a default judgment is "seen with disfavor." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984); *see In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In rare cases, though, an appearing party's disregard for judicial proceedings can be so egregious that a default judgment is nonetheless warranted. *See Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). This is such a case. After careful consideration, Defendant's Motion to Set Aside Clerk's Default **[ECF No. 37]** is **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs bring three claims against Defendant: (1) Defamation/Business Disparagement (Count I); (2) FDUTPA violation (Count II); and (3) Unauthorized Publication of Name or Likeness (Count III). [ECF No. 6 ¶¶ 98–115].

Defendant moved to dismiss the First Amended Complaint on May 11, 2026. [ECF No. 9]. The Court denied that motion on June 11, noting it bore the indicia of AI-generated material, and ordered Defendant to file an answer no later than June 25. [ECF No. 13 at 10].[1] Defendant blew that deadline.

On July 2, Plaintiffs informed the Court that Defendant refused to participate in drafting a joint scheduling report per the Court's June 12 Order [ECF No. 16], "[d]espite at least thirteen (13) e-mail follow-ups." [ECF No. 22 ¶ 4]. Plaintiffs included screenshots of Defendant's responses to those emails, where Defendant said (among other things), "[y]ou are a fat [f**cking] loser," "you are my dancing monkey," and "you're a [f**cking] moron." [*Id.* ¶ 3].[2] The Court ordered the parties to meet and confer and file a joint scheduling report by July 10 and, considering Defendant's *pro se* status, *sua sponte* granted him an extension of his deadline to respond to the complaint until July 16. [ECF No. 23]. On July 10—the date the joint scheduling report was due—Plaintiffs informed the Court that Defendant failed to provide input on the joint scheduling report and stated he was "in Las Vegas for a conference." [ECF No. 26 at 1–2]. On July 13, the Court ordered Defendant to show cause by July 24 why he should not be sanctioned failure to meaningfully participate in this lawsuit, and warned him that failure to comply would result in sanctions without further notice. [ECF No. 28]. Defendant blew this deadline, too, and still has yet to respond to the complaint.

The Court sanctioned Defendant on July 27 for "repeatedly and brazenly ignor[ing] this Court's orders." [ECF No. 35]. The Court noted, among other things, that on July 20, in response to a

---

[1] In their Opposition to the Motion to Dismiss, Plaintiffs represented that Defendant sent them the following email: "Sent you and the court the motion to dismiss your BS case and beat you with ChatGPT. When I send a bag of dog [s**t] to your office next week, should it be made out to Scamming Dan and Friends or Scamming Dan and Company?" [ECF No. 12 at 1 n.1].

[2] Plaintiffs provided the Court with screenshots of several similar emails Defendant sent them related to this litigation, each of which the Court has taken into consideration for purposes of this order. [*See* ECF Nos. 12, 22, 41, 47].

proposed order granting their Motion for Default Judgment that Plaintiffs emailed to the Court, Defendant wrote (CCing the Court):

> I'll look over this BS when I have less important things to do. Meaning well… Anything.
>
> But just a quick note. Save yourself some dignity and remove the part of me calling that idiot a [c**t].
>
> You can play that recording over. She left the call and when I thought she was gone I went "What a [c**t]". I didn't directly call her that and for your own good, the judge/jury would see you guys as liars over it.

[*Id.* at 3]. The Court ordered Defendant to pay $1,000 into the Court's sanctions fund by August 14 and to notify the Court once he had done so. [*Id.*]. Defendant has failed to comply with that order as well.

## II. DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" under Rule 55(c) is a "liberal" standard, "varying from situation to situation" depending on the facts of the case. *Compania Interamericana*, 88 F.3d at 951. In determining whether to set aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 951–52 (citing *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194–95 (6th Cir. 1986)).

Defendant's Motion to Set Aside Clerk's Default is denied because he has displayed an intentional disregard for these proceedings. *See id.* ("[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief."); *El Toro Loco Churrascaria, LLC v. La Vaca Loca Churrasqueria, LLC*, 2026 WL

1728867, at *2–3 (S.D. Fla. June 16, 2026) (Bloom, J.) (denying motion to set aside clerk's default where *pro se* corporation did not hire counsel to represent it and "neglected this Court's deadlines").

Defendant has flouted no fewer than four of the Court's deadlines—including the deadline to pay into the Court's sanctions fund. To date, Defendant has not responded to the Complaint (despite being ordered to do so almost three months ago [ECF No. 13 at 10]) and has not retained counsel (despite indicating he would do so in his Motion to Set Aside Clerk's Default [ECF No. 33 at 4]). Defendant argues in his motion that he was informed on "July 30, 2026" that there is a motion for default judgment pending against him, [ECF No. 37 at 1], but that assertion rings hollow. Plaintiffs served Defendant with a copy of the Clerk's Entry of Default on July 8, [ECF No. 24], and with a copy of their Motion for Default Judgment on July 20, [ECF No. 33]. Indeed, Plaintiffs have served Defendant with nearly every filing in this case, beginning in April of 2026. [ECF Nos. 7, 8, 11, 14, 17, 18, 19, 24, 25, 27, 29, 30, 33, 34, 36, 39, 42, 43, 46, 49, 50, 53].

Moreover, since the Motion for Default Judgment was filed Defendant has continued to lob obscene emails at Plaintiffs and Plaintiffs' counsel, including (among many, many other things) an email threatening to "whoop[]" one of the named Plaintiffs. [ECF No. 47 at 2]. Because Defendant has displayed an intentional disregard for these proceedings, the Court's inquiry ends here. *See Compania Interamericana*, 88 F.3d at 951–52.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Set Aside Clerk's Default **[ECF No. 37]** is **DENIED**

**DONE AND ORDERED** in the Southern District of Florida on September 9, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Charles A. Peralo
21 Scarborough Circle
Rock Hill, NY 12775