IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-60910-DSL

COPYCAT LEGAL PLLC and DANIEL DESOUZA,

Plaintiffs,

v.

CHARLES A. PERALO,

Defendant.

---

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR FINAL DEFAULT JUDGMENT**

Plaintiffs CopyCat Legal PLLC and Daniel DeSouza (collectively, the "Plaintiffs") hereby file this motion for reconsideration of the Court's September 9, 2026 Order Denying Motion for Final Default Judgment [D.E. 55], and state as follows:

1. As the Court knows, it denied Plaintiffs' motion for default judgment [D.E. 32] on the basis that the allegations in the First Amended Complaint [D.E. 6] do not establish that the exercise of personal jurisdiction over defendant Charles A. Peralo ("Defendant") comports with the Due Process Clause. The Court thus directed Plaintiffs to file a Second Amended Complaint and renewed motion for default judgment.

2. Relatedly, the Court entered an Order [D.E. 56] denying Defendant's motion to set aside Clerk's default, finding that Defendant willfully failed to participate in this lawsuit.

3. Plaintiffs hereby request that the Court reconsider that portion of the Order Denying Motion for Final Judgment requiring Plaintiffs to file a Second Amended Complaint (but not the portion requiring a renewed motion for default judgment).



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

4. The Order Denying Motion for Default Judgment states that "[T]he First Amended Complaint says only that 'the exercise of personal jurisdiction over [Defendant] would not offend traditional notices of fair play and substantial justice,' without further elaboration."[1]

5. Plaintiffs refer the Court, however, to the remainder of the language in ¶ 5 of the First Amended Complaint – specifically, the citation to Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1216 (Fla. 2010) for the proposition that "[a] nonresident defendant commits the tortious act of defamation in Florida for purposes of Florida's long-arm statute when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and accessed in Florida.").

6. The First Amended Complaint goes on to allege that, in Defendant's First Video (as defined therein), he refers to DeSouza as "a lawyer out of Florida."[2] Further, it alleges that the First Video was viewed by "multiple persons in Florida,"[3] that a specific Florida attorney who DeSouza had previously represented and was in the process of re-engaging DeSouza viewed the video on March 20, 2026 while located in Boca Raton, FL,[4] that at least 1,000 different individuals who were physically located in Florida viewed the First Video and read the various comments/remarks made thereon,[5] and that at least a dozen non-attorney employees of CopyCat Legal (in Florida) and at least two (2) other Florida attorneys who Plaintiffs have previously worked with viewed Defendant's subject videos.[6]

7. While Internet Sols. Corp. only addresses jurisdiction under Florida's long-arm

---

[1] See Order Denying Motion for Default Judgment, at p. 2.
[2] See First Amended Complaint, at ¶ 28.
[3] Id. at ¶ 44.
[4] Id. at ¶¶ 45 – 47.
[5] Id. at ¶ 49.
[6] Id. at ¶ 50.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

statute, Plaintiff submits that the above allegations (none of which Defendant disputes) satisfies the Due Process Clause as well. See, e.g. Synergy Billing, LLC v. Priority Mgmt. Grp., No. 6:17-cv-00929-Orl-31DCI, 2017 U.S. Dist. LEXIS 179828, at *14-15 (M.D. Fla. Oct. 31, 2017) (finding plaintiffs' allegations that they defendants' infringing communications were viewed in Florida where plaintiffs reside and were damaged sufficient to satisfy the Due Process Clause); Gubarev v. Buzzfeed, Inc., 253 F. Supp. 3d 1149 (S.D. Fla. 2017) (same); Stone v. Shafran, 641 F. Supp. 3d 1344, 1360 (S.D. Fla. 2022) (same); Licciardello v. Lovelady, 544 F.3d 1280, 1288 (11th Cir. 2008) ("Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida.").

8. Because Plaintiffs believe the First Amended Complaint contains adequate factual allegations supporting personal jurisdiction under both Florida's long-arm statute and the Due Process Clause, they ask that the Court reconsider that portion of the Order Denying Motion for Default Judgment requiring them to file a Second Amended Complaint.[7]

9. However, Plaintiffs agree that their motion for default judgment did not specifically address personal jurisdiction. As such, Plaintiffs request that the Court require that they file only a renewed motion for default judgment addressing personal jurisdiction under both Florida's long-arm statute and the Due Process Clause, leaving the current pleading (and Defendant's default thereunder) undisturbed.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order: (a) granting this Motion; (b) reconsidering that portion of the Order Denying Motion for Default Judgment requiring that Plaintiffs file a Second Amended Complaint; (c) requiring that Plaintiffs file a

[7] Given the denial of Defendant's motion to set aside the Clerk's Default, Defendant should not be provided any further opportunity to respond to a new pleading.



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

renewed motion for default judgment, addressing personal jurisdiction, within seven (7) days of such Order; and (d) for such further relief as the Court deems proper.

**LOCAL RULE 7.1(a)(3) CERTIFICATE**

Prior to filing this Motion, undersigned counsel attempted to confer with Defendant with respect to the relief requested herein, but Defendant did not agree (and instead stated, in addition to his disagreement: "Also, when you asked the guy on fivver to make your mascot, did you just ask for the lamest thing possible or did it come to be that way?" This is in addition to Defendant's other e-mails today (subject: "Hey cunt face") where he attached a letter/motion he is apparently sending to the Court as well as (subject: "Add it to the pile") where he forwarded a new TikTok video (https://www.tiktok.com/t/ZP833t5EJ) wherein Defendant continues his defamatory statements and now also speaks about the Court itself (in addition to various other insults included in the e-mail).

Dated: September 17, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on September 17, 2026, the foregoing document was served on Defendant via

US Mail/Federal Express to Charles A. Peralo, 21 Scarborough Circle, Rock Hill, NY 12775 and via e-mail to: Charles@Peralo.com

/s/ Daniel DeSouza
Daniel DeSouza, Esq.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228