IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-60910-DSL

COPYCAT LEGAL PLLC and DANIEL DESOUZA,

Plaintiffs,

v.

CHARLES A. PERALO,

Defendant.

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S CONSOLIDATED REQUEST FOR MISCELLANEOUS RELIEF**

Plaintiffs CopyCat Legal PLLC and Daniel DeSouza (collectively, the "Plaintiffs") hereby file this memorandum in opposition to defendant Charles A. Peralo's ("Defendant") Consolidated Request for Leave to Submit Materials, for Appropriate Dismissal Relief, and for a Noticed Status or Settlement Conference (the "Motion for Miscellaneous Relief") [D.E. 63].

**INTRODUCTION**

Undeterred by the Court's prior warnings, Defendant has again submitted a ChatGPT-generated motion without conferring as required by the Local Rules. On these points, the Court need look no further than the Motion for Miscellaneous Relief itself which includes a template/blank "CERTIFICATE OF CONFERRAL (IF REQUIRED),"[1] AI-generated instructions to Defendant,[2] and all the other tell-tale signs (e.g., "FOR COUNSEL REVIEW BEFORE FILING," qualification that "[t]hese responses express Defendant's position but do not necessarily

[1] See Motion for Miscellaneous Relief, at p. 3.
[2] Id.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

constitute a formal answer admitting or denying each numbered paragraph," etc.). This continued copy/paste from ChatGPT has resulted in a tremendous waste of both the Court's and Plaintiffs' time/resources in responding to AI-generalities.

Defendant's multitude of requests (for dismissal, a status conference, a settlement conference, to submit additional documents, etc.) should be denied. The gist of the Motion for Miscellaneous Relief is that Defendant called CopyCat Legal PLLC, spoke to its client intake employee (Alysa Paz), pretended to be a prospective client, and purportedly elicited damning information about 'honey pots' and other issues. Unfortunately, this was not the first time Defendant engaged in such conduct (he previously called CopyCat Legal PLLC and represented himself to multiple persons to be an attorney retained by Defendant in this matter) nor will it likely be the last. Defendant apparently recorded the conversation (while presumably calling across state lines into Florida) and submits a ChatGPT-generated transcript of such as evidence of his 'revelations.' That transcript, however, does not support any of the relief requested by Defendant. If anything, it shows Defendant repeatedly and frenetically attempting to trap or trick Ms. Paz into agreeing that 'honey pots' (in whatever manner Defendant apparently defines that) are ok and to pressure Ms. Paz into revealing settlement amounts from prior cases (neither of which she engages him on). In short, the Motion for Miscellaneous Relief is a waste of time/resources that is predicated on a waste of time/resources. As such, it should be denied in its entirety.

That it was The Motion for Miscellaneous Relief is Defendant's unfortunately, the latest The Combined Motion is, in a word, strange. It seeks to set aside the July 2, 2026 Clerk's Default… nearly a month after the Court entered a 4-page Order Denying Motion to Set Aside Clerk's Default. See D.E. 56. It seeks reconsideration of the Court's July 27, 2026 Sanctions Order [D.E. 35] because Defendant would prefer not to pay such or use his disposable income for

something else. Finally, it seeks leave to submit a letter to the Court that Defendant attaches anyway to the Combined Motion. The icing on the cake is that the Combined Motion includes a purported Rule 7.1(a)(3) certification that is simply a placeholder ("[Before filing, replace this sentence…."]) for a proper certification. To be clear, Defendant did not confer or attempt to confer with undersigned counsel prior to filing the Combined Motion. In sum, the Combined Motion is meritless and should be denied in its entirety.

## ARGUMENT

### I. Defendant's *Repeated* Failure to Confer

As a preliminary matter, Defendant's failure to confer in accordance with Local Rule 7.1(a)(3) is cause alone to deny the Motion for Miscellaneous Relief. See, e.g. Peña v. Color Concepts/Galeana Painting & Drywall LLC, No. 21-cv-24127-COOKE/DAMIAN, 2022 U.S. Dist. LEXIS 97882, at *5 (S.D. Fla. June 1, 2022) (noting that Court entered a paperless Order denying motion to set aside default for failure to comply with Local Rule 7.1(a)(3)); Yachtlife Techs., Inc. v. Yachtilifemiami, Ltd. Liab. Co., No. 1:20-CV-23304-GAYLES, 2020 U.S. Dist. LEXIS 252644, at *2 (S.D. Fla. Dec. 31, 2020) (noting the Court's earlier denial of motion to set aside default judgment for failure to comply with Local Rule 7.1(a)(3)); M.D. v. B & L Serv., No. 14-62870-CIV, 2015 U.S. Dist. LEXIS 187720, at *2 (S.D. Fla. Jan. 28, 2015) (denying motion to set aside default for failure to comply with Local Rule 7.1(a)(3)); Payne v. Sec. & Crime Prevention Serv., No. 12-22032, 2013 U.S. Dist. LEXIS 141195, at *2 n.3 (S.D. Fla. Sep. 27, 2013) (noting that defendants' motion to set aside default was stricken for failure to include a certification that they complied with Local Rule 7.1(a)(3)).

As set forth above, the Motion for Miscellaneous Relief contains a placeholder conferral certificate indicating what Defendant ***should*** have done prior to filing. Defendant, however, did


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

not confer. Rather, on November 13, 2026, he sent undersigned counsel the below e-mail which stated he was sending documents (but did not attach any) to both undersigned counsel and the Court:[3]

Heads up

CP Charles Peralo <charles@peralo.co

To Daniel DeSouza

Cc Larissa Benyard

Fri 11/13

Hey Lard Face,

Just an FYI, documents are being sent to you and the judge with a detailed case on why your whole case was a load of dog shit and a transcript of your team admitting you guys don't calculate damages, would allow honey pots and all your other horse shit.

On top of that, due to how stupid this lawsuit is, you guys admitting to not calculating and claiming $750,000 in mental health issues, a letter you reporting to the bar is being made. On top of that, your malpractice insurance is being informed, where a friend of mine who is a lawyer that listened to the recordings and you in a court document saying you suffered mental health issues said they'll have a lot of fun with that.

Your case was awful like the rest of your disgusting practice that I'm going to get wiped off the planet, with the truth on how you're a scumbag.

Enjoy your KFC and Krispy Kreme dumbass!

Notably, this is not the first time Defendant has failed to confer as required by the Local Rules – nor is it the first time that Plaintiffs specifically pointed out Local Rule 7.1(a)(3) to Defendant. Indeed, Plaintiffs' Memorandum in Opposition to Defendant's Combined Motion [D.E. 61] specifically notified Defendant of the Local Rule, yet Defendant continues to ignore such in his current filing. The Court should not tolerate this continued, deliberate disregard of Local Rule

3 In typical fashion, Defendant sent another e-mail within minutes of this e-mail, stating: "Oh and I just want this added to the record on top of me mentioning your firm as a scam operation that doesn't calculate damages and it appears you're in trouble for asking clients to commit perjury, but had to add this. You look like you cover your 3 inch dick with chocolate sauce, wait for it to harden and suck it. Just gotta get that out of my system and tell you that. Now go have fun spam emailing people and targeting the wealthiest people you fucking scam artist."

7.1(a)(3), especially when ChatGPT itself included a blank/template conferral certificate in the Motion for Miscellaneous Relief.

## II. Defendant's Multiple Requests Should be Denied

The Motion for Miscellaneous Relief requests leave to submit Defendant's letter (which is attached thereto and thus already filed), leave to submit responses to the First Amended Complaint (which is attached thereto and thus already filed), dismissal of the First Amended Complaint, a status or settlement conference, etc. – essentially, any and everything that ChatGPT could generate. None of this relief is proper. As the Court knows, a Clerk's Default was previously entered against Defendant, and the Court denied Defendant's request to set such aside (finding Defendant's default to be willful/deliberate). Ironically, ChatGPT notifies Defendant that "relief may require a separate Rule 60(b) motion,"[4] yet this is now Defendant's third or fourth request in a consolidated/combined motion for dismissal. And given the procedural stage of this case, Defendant's request for a status or settlement conference are likewise improper.

The Court has pending before it Plaintiff's motion for reconsideration [D.E. 58] and Defendant's Combined Motion [D.E. 60]. The Court will dispose of those motions in accordance with its schedule, and the case will proceed in a manner dependent on the outcome(s). And given Defendant's history of communications (a fraction of which have been submitted to the Court), Plaintiffs respectfully submit that a settlement conference would be, to put it mildly, unfruitful. Finally, Defendant's request to challenge Plaintiffs' alleged damages is both premature and improper. To the extent the Court grants default judgment as to liability (as Plaintiffs are not asserting that damages are liquidated), he will of course have the opportunity to appear at trial/a damages hearing and challenge the amount of damages.

---

[4] See Motion for Miscellaneous Relief, at p. 2.



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

**III. Defendant's Letter/Summary of the 'Transcript'**

The Motion for Miscellaneous Relief attaches thereto a 6-page letter within which Defendant describes/summarizes his phone call with CopyCat Legal's client intake employee (a non-attorney). According to Defendant, the transcript of that call shows CopyCat Legal's willingness to work with 'honey pots,' an admission of the failure rate of infringement claims, a failure to backup settlement and lawsuit threats, and an admission as to how damages are calculated.[5] Respectfully, Plaintiffs disagree. Setting aside substantial questions concerning the legality of the transcript and Defendant's interstate recording thereof, the point remains that the transcript does not support Defendant's contentions or warrant any relief. As reflected therein, Defendant repeatedly cut off Ms. Paz while himself referring to honey pots or 'strategically' putting his photos online, and Ms. Paz simply responded that most photographers have their photos posted online on their websites/social media to market such to prospective customers. That Ms. Paz did not engage with Defendant when he suggested that 95% of cases go "nowhere" is hardly the tacit admission of such suggested by Defendant. Nor is the fact that Ms. Paz declined to discuss how much other clients' cases settle for (the bulk of which are subject to confidentiality provisions) somehow a "[f]ailure to backup settlement and lawsuit threats" as suggested by Defendant. Finally, it is unclear what import Defendant assigns to the notion that many cases resolve based on the particular circumstances thereof, including financial means, the presence of insurance, and dozens if not hundreds of other factors not referenced.

Ultimately, there is ***nothing*** in the 18-page transcript (which wasted approximately 28 minutes of Ms. Paz's valuable time) that supports any of Defendant's contentions/requested relief. Ms. Paz was professional throughout the call (believing Defendant in earnest to be a rightsholder

---

[5] See D.E. 63-1, at p. 1.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

interested in protecting his works) as compared to Defendant who rapidly changed subjects, cut her off, and spoke at a frenetic pace difficult to follow along. In any event, the transcript itself (to the extent admissible/legally obtained) is the best summary of the call, and the Court is certainly welcome to review such to confirm that for itself.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order: (a) denying the Motion for Miscellaneous Relief and (b) for such further relief as the Court deems proper.

Dated: November 20, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on November 20, 2026, the foregoing document was served via U.S. Mail and FedEx to Charles A. Peralo, 21 Scarborough Circle, Rock Hill, NY 12775, and via e-mail to: charles@peralo.com.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.